COLONIAL & UNITED STATES MORTGAGE COMPANY, LIMITED,
*v.* LEE.

Opinion delivered May 30, 1910.

1. ADVERSE POSSESSION—PAYMENT OF TAXES—CONTINUITY.—The continuity
of constructive possession of unimproved and uninclosed land by virtue
of paying the taxes thereon is broken where an adverse claimant
made actual entry upon the land before the statute had run.
(Page 253.)

2. DEEDS—PATENT AMBIGUITY.—A deed describing the land sought to be
conveyed as the east part of a certain quarter section (north of
bayou), containing 93.74 acres, is void where the quarter section appears on the government survey to be a full one, where there is no
bayou running through the land, and there is nothing in the deed
which shows what land was intended to be conveyed. (Page 255.)

Appeal from Chicot Circuit Court; *Henry W. Wells,* Judge;
reversed.

*Watson & Perkins,* for appellant.

*N. B. Scott* and *Baldy Vinson,* for appellees.

McCULLOCH, C. J.   This is an action at law instituted by
appellant against appellees to recover possession of a tract of
land in Chicot County, described on the plat of the government
survey as "the east half of the northeast quarter of section 10,
township 17 south, range 2 west."   A trial before a jury resulted in a verdict and judgment in favor of appellees, from
which an appeal is prosecuted.

Both parties claim title from a common source.   Appellant's claim of title comes from the Government, through one
W. D. Hill, the appellee's grantor.   Hill acquired title to the
land by deed dated November 22, 1886, and on October 7, 1889,
he executed a mortgage or trust deed, which was afterwards
foreclosed and under which appellant claims title.   There was
a patent error in the description of the land in the deed to appellant, which was subsequently corrected by the execution of
a new deed accurately describing the land; but, inasmuch as
the error was thus corrected, it is unnecessary to determine
whether or not this error in the description was such as rendered
the conveyance inoperative.

Appellant attempted to establish its title by proving, in
addition to the chain of title deeds, adverse possession by paying taxes for the statutory period under color of title; and the

question relating to the error of description in the first deed to appellant became important in determining whether or not the deed constituted color of title. The importance of that question has ceased, however, since the jury found, on conflicting evidence, that appellant's possession was broken by an actual entry of the land by appellees less than seven years before the first of the four payments of taxes made by appellant prior to the passage of the act of 1899. *Updegraff* v. *Marked Tree Lumber Co.,* 83 Ark. 154; *Taylor* v. *Leonard,* 94 Ark. 122.

Appellee's claim of title to the land in controversy is based on the following deeds:

On January 30, 1870, John Hill as administrator of the estate of Alfred Flowers, deceased, executed to W. D. Hill a deed purporting to convey, pursuant to an order of the probate court of Chicot County, a tract of land described therein as follows: "The east part of the northeast fractional quarter (north of bayou) of section ten (10), township seventeen (17), range two (2) west, containing 93.74 acres." On March 31, 1870, W. D. Hill by warranty deed conveyed the land by the same description to the heirs at law of Alfred Flowers, under whom appellees claim title.

There is nothing to show that Alfred Flowers had any title to, or any interest in, the land in controversy; but if the description in the said deed of W. D. Hill was sufficient to cover the land in controversy, then the title which he subsequently acquired in 1886 inured to the benefit of his grantees under that deed, and he had no title to convey in 1889, at the time he executed the mortgage or trust deed upon which appellant's claim of title is based. Kirby's Digest, § 734.

The controlling question in the case, therefore, is whether or not the description in the deed from Flowers' administrator to W. D. Hill, and in the latter's deed to the heirs of Flowers, was sufficient to identify the land as embracing the tract in controversy.

The correct description of the tract in question, according to the plat of the Government survey, is ."the east half of the northeast quarter of section 10, township 17 south, range 2 west, containing 80 acres." The description in the Hill deed, under which appellees claim title, is "the east part of the northeast fractional quarter (north of bayou) of section 10, township 17,

range 2 west, containing 93.74 acres." A copy of the Government plat of that township was introduced in evidence, and also a copy of the field notes of section 10. The northeast quarter of that section is not fractional, and contains. 160 acres. Neither the plat nor the field notes show any bayou traversing that quarter section. Bayou Macon is shown on the plat to run through the west half of section 10, and thence southerly and easterly through adjoining sections; but in no way can that bayou affect the description in the Hill deed.

It was proved by oral evidence at the trial that there is a narrow slough or bayou which commences a short distance south of the north line of the east half of the quarter section, and runs southwesterly and forks in the southeast quarter of the section, one fork running easterly through the southeast quarter. Some of the witnesses call it a bayou, and some call it a slough. The evidence does not show the number of acres lying north of the bayou or slough in the northeast quarter.

The description in the Hill deed is, we conclude, void for uncertainty. Nor can it be made certain by application of the descriptive words to any natural objects. The descriptive words can not be construed to mean all the northeast quarter lying north and east of the bayou, for they do not say that. If the words are construed to refer to a bayou running west and south of the quarter section, they do not aid the description any, for. they do not refer to land east of the bayou. The words refer to lands in the northeast quarter, lying north of the bayou, but only to the "east part" of the quarter section. There is nothing to indicate the boundaries of the east part. It is the same as if the description read, the east part of the quarter section, without referring to the bayou at all.

The bayou can not be accepted even as the southern boundary, for, according to the testimony, it does not in its easterly course touch the northeast quarter, but runs easterly through the southeast quarter. The descriptive words can not be made to fit any tract of land at all. So the deed is void for uncertainty. *Doe* v. *Porter,* 3 Ark. 18; *Mooney* v. *Cooledge,* 30 Ark. 640; *Freed* v. *Brown,* 41 Ark. 495; *Adams* v. *Edgerton,* 48 Ark. 419.

Resort may be had to extrinsic evidence in order to fit a description of the land conveyed, but the descriptive words in

the deed must furnish the key to the identity. *Dorr* v. *School District,* 40 Ark. 237; *Paragould* v. *Lawson,* 88 Ark. 478; *Fordyce Lumber Co.* v. *Wallace,* 85 Ark. 1. Here the descriptive words furnish no means of identifying the land conveyed, for there is nothing to show what was meant by the words "east part." This being true, the undisputed evidence establishes appellant's title to the lands in controversy, and the judgment should have been in its favor.

Reversed and remanded with directions to enter judgment for appellant for the recovery of the land.