DANIEL CUMMINS *et al., Appellants,* V. MARGARET RIORDON *et al., Appellees.*

No. 17,075.

### SYLLABUS BY THE COURT.

1. WILLS—*Repugnant Calls—Interpretation.* Where a will contains repugnant calls in the description of land devised, that call may be rejected which was likely to have least engaged the attention of the testator, and in which there was the greatest likelihood of error.

2. ———— *Description of Land.* Although ordinarily the statement of acreage is the least important part of a description of land, it may be controlling when it obviously was the intention of the testator that a specified quantity of land should be devised.

3. ———— *Ownership of Land Devised—Presumption.* In the absence of anything to suggest the contrary, a testator must be understood as asserting that he is the owner of a tract of land which he undertakes to devise, although he does not in terms refer to it as his land or employ any equivalent expression.

4. ———— *Land Devised—Parol Evidence.* Parol evidence is admissible to identify the land devised by ascertaining to what tract the description will apply.

5. ———— *Error in Description of Land Devised—Interpretation.* Where a testator purports to devise to each of two sons forty acres of land in a particular county, and then describes the tract devised to each as the half of a designated quarter of a quarter section, and it is shown that he owned a half of the quarter section named, and no other land in that county, it is clear that he intended that each son should receive a half of the eighty acres, and the will should be so construed.

Appeal from Leavenworth district court. Opinion filed May 6, 1911. Reversed.

*A. E. Dempsey,* for the appellants.

*Edwin S. McAnany, Maurice L. Alden,* and *C. P. Rutherford,* for John L. Lahey, Margaret A. Lahey, Catherine M. Lahey and Janet I. Lahey, appellees.

The opinion of the court was delivered by

MASON, J.: This case involves the construction of the following clauses in the will of John Cummins:

"To my son Daniel Cummins, I will and devise the 40 acres of land situate in Leavenworth county, Kansas, and described as follows:

"The south ½ of the N. E. ¼ of the N. E. ¼ of section 25, township 10, range 22, containing 40 acres more or less.

"To my son Dennis Cummins, I will and devise the 40 acres of land situate in Leavenworth county, Kansas, and described as follows:

"The north ½ of the N. E. ¼ of the N. E. ¼ of section 25, township 10, range 22, containing 40 acres more or less."

It will be observed that while the testator spoke of devising forty acres of land to each of the sons named, in each instance the tract specifically described contains but twenty acres. These sons brought an action to have the will construed, claiming that as their father had owned the north half of the northeast quarter of the section named, and no other land in Leavenworth county, his intention clearly was to give to each of them one-half of this eighty acres. A part of the defendants maintained that only the forty acres specifically described was actually devised and that the other forty acres descended to the heirs of John Cummins, the will having contained no residuary clause. The court adopted the latter view and the plaintiffs appeal.

Notwithstanding the inconsistency noted the real purpose of the testator should be carried out, if it can be arrived at with certainty from the language he has used. The case is merely one of repugnant calls, and the rule of reason and authority is to follow the call in which there is least likelihood of a mistake having occurred, and which was likely to have engaged the closest attention of the testator. Here it is appar-

ent that the principal idea in the mind of the maker of
the will was to give to each of these two sons forty
acres of land.   The case is entirely different from that
arising where a statement of the acreage is attached.
incidentally to a description.   Here the testator starts
out by stating his purpose to give to each forty acres.
There was little opportunity for mistake in formulat-
ing an expression of this desire, or in communicating
it, or in apprehending it.   But in reciting the sur-
veyor's numbers and subdivisions even one who is ac-
customed to their use may readily fall into error.

It is true that ordinarily the statement of the area.
is the least important part of a description of a tract
of land—the last to be resorted to where there is am-
biguity or obscurity.   But that is because ordinarily the
matter of acreage is least prominent in the minds of the
persons concerned, and is that concerning which a mis-
take may most readily be made.   Where the peculiar
circumstances reverse these conditions the ordinary
rule of interpretation is reversed.

"Where the intention is clearly expressed that a
specified quantity of land is to be conveyed, the desig-
nation of quantity has undoubtedly a controlling ef-
fect in determining the boundaries of the land."   (129
Am. St. Rep. 1011, note.)

The following language, although used by Mr. Chief
Justice Cooley with respect to a deed, is equally ap-
plicable to a will:

"In general, fixed lines and monuments are allowed
to control quantity, for the reason that these, being
known and open to the observation of the senses, are
more likely to have been noted by the parties in the
course of their negotiations, and fixed upon in their
minds as the important particulars in their conveyance,
than the quantity, which may or may not have been ac-
curately determined, and often is not specially made
prominent.

"But cases sometimes arise in which in the deed
itself it is made apparent that quantity was more prom-
inent in the minds of the parties than any other single

particular which is given; and in such a case the purpose in construction, and the general rule that the particulars shall be allowed to control in respect to which there is least probability of error, would both be disregarded if quantity were to be subordinated in construction to something else." (*Moran v. Lezotte,* 54 Mich. 83, 88.)

We think the will of John Cummins clearly and beyond all substantial doubt expressed his intention to devise forty acres to each of his sons, Daniel and Dennis. Therefore so much of the formal description as is inconsistent with this purpose must be rejected. (6 L. R. A., n. s., 967, note; 4 Wig. Ev. §§ 2476, 2477; *Zirkle v. Leonard,* 61 Kan. 636.) The half of a quarter of a quarter section can not contain forty acres; therefore one part or other of the phrase "of the N. E. ¼ of the N. E. ¼" must be wrong. The manifest error can be eliminated by disregarding the entire phrase, and the purpose of the testator may be carried out if there still remains enough of the description to show what land he had in mind.

"Where the will itself shows that there has been a mistake in specifically describing land which is also designated by a general description, the will may be made to operate upon the land intended to be specifically described, but which, by mistake, is incorrectly described in the specific description which follows the general." (*Pocock et al. v. Redinger,* 108 Ind. 573, 575.)

The fact that the will assigns to one of the two sons forty acres designated as the south half of a tract erroneously described, and to the other the north half of a tract indicated by the same erroneous description, makes the intention clear that each was to have the half of an eighty-acre tract in Leavenworth county. In the absence of anything to suggest the contrary the testator must be understood as asserting that he is the owner of a tract which he undertakes to devise, although he does not in terms refer to it as his land, or

employ any equivalent expression. This is the rule in this jurisdiction as to deeds and contracts (*Hampe v. Sage,* 82 Kan. 728, 732), and the reasons for it are as cogent in the case of a will. Some courts, including the supreme court of Illinois, refuse to apply it where the will contains merely a complete, accurate and unambiguous description of a tract not owned by the testator. (See *Lomax v. Lomax,* 218 Ill. 629, and note thereto in 6 L. R. A., n. s., 942–977.) But in Illinois, as elsewhere, where the will contains anything connecting the devise with a tract owned by the testator, resort is had to the presumption that he must have intended to dispose of his own property, not that of some one else. (*Collins v. Capps,* 235 Ill. 560.) In the case just cited the will described the west half of a certain quarter section. The testator owned the north half of the quarter. The word "west" was rejected, the devise being construed as though it read "the half" of the quarter. As so construed it was held to pass that half of which the testator was shown to be the owner. Here the two devises taken together, although describing only forty acres, distinctly show a purpose to dispose of eighty. When it was established by parol evidence that John Cummins owned the north half of the northeast quarter of the section named, and no other land in Leavenworth county, all difficulty in the interpretation of the will disappeared, his purpose to dispose of the whole tract being too clear for controversy. The appellees contend that this view is violative of the ancient rule that parol evidence is admissible to explain only latent—not patent—ambiguities. This rule has been criticized as an "unprofitable subtlety," which has "unnecessarily confused the subject with artificial distinctions" (4 Wig. Ev. § 2472) ; in any event it is no stronger than the reasons for it. But here it is not violated. The ambiguity in the will can be eliminated, as already shown, by a consideration of matters appearing upon the face of the instrument,

leaving a description which, although not absolutely certain in itself, points out how the property devised can be ascertained. It then remains only to apply the description, in the light of the conditions existing when the will was written, and parol evidence is always admissible for that purpose. (6 L. R A., n. s., 955–958, note.)

"The purpose of the construction of a will is to determine the intention of the testator. That intention must be found in the words of the will itself, as applied to the subjects and objects of the testator's bounty. Parol evidence, though not admissible to change the language of the will, may be received when necessary to identify such subjects and objects. A court of equity can not correct a mistake in a will by reforming the instrument, but all the circumstances surrounding the testator and the state and description of his property may be shown, for the purpose of applying the language used to the conditions existing. However many errors there may be in a description either of a devisee or the subject of a devise, the devise will not be avoided if enough remains, after rejecting the errors, to show with certainty what was intended, when considered from the position of the testator." (*Collins v. Capps*, 235 Ill. 560, 562.)

The view we adopt is strengthened by the presumption against partial intestacy (30 A. & E. Encycl. of L. 668), and perhaps also by the provisions made for each of the testator's children, but we regard the considerations already stated as determinative of the case.

The judgment is reversed and the cause is remanded with directions to enter judgment in accordance herewith.