HANNAH H. KNOX et al., as Surviving Trustees, etc., *Appellants,* v. ANSON H. KNOX et al., *Appellees.*

No. 17,668.

### SYLLABUS BY THE COURT.

JURISDICTION — *Wills—Construction—Trusts—Publication Service—Pleadings.* This action is for the judicial construction of trusts in a will relating to real and personal property in this and other states. The will contains many elaborate provisions, involves the sale and management of very valuable property, the annual distribution of large sums, and a final division after the death of the last survivor of three persons now living. The widow of the testator elected to take under the law of descents. The probate court has set off to her one-half of the real estate situated in this state embraced in the trusts, and which is of great value. The will directs the trustees to report to a circuit court of Illinois and purports to give that court control over the execution of the trusts except those providing for the division of lands in Kansas. None of the property is situated in Illinois. One of the trustees, a beneficiary in the trust, died before the death of the testator. The plaintiffs, the surviving trustees, are also beneficiaries. It is alleged that complications have arisen and that grave doubts exist as to the duty of the trustees, and that they fear a multiplicity of suits. The trustees are also executors, and are proceeding in that capacity also. It is held: (1) that a nonresident defendant who is a son of the testator and a beneficiary in the trust was properly served by publication; (2) that the district court has jurisdiction of the subject of the action; and (3) that the petition states a cause of action, which should be made more definite and certain by amendment.

Appeal from Allen district court. Opinion filed June 8, 1912. Affirmed in part and reversed in part.

*H. A. Ewing, S. A. Gard,* and *G. R. Gard,* for the appellants.

*Altes H. Campbell,* and *John F. Goshorn,* for appellee Samuel F. Knox.

The opinion of the court was delivered by

BENSON, J.: This is an action to obtain the judicial construction of a will. A demurrer to the petition was sustained and the plaintiffs appealed.

A preliminary question arises upon a motion of a defendant to set aside service by publication. This motion was overruled, and he appealed from that ruling.

The petition contains statements in substance as follows: Samuel M. Knox, deceased, late of Allen county, died testate in May, 1907, owning real estate in that county of the value of $200,000, and also real estate in Nebraska and Arkansas of the value of $174,000, and personal property estimated to be worth $20,000. He had executed a will devising his property, except household furniture, jewelry, etc., to his wife and his daughters, Mary and Ada, as trustees, with elaborate provisions for management, investment and distribution. The will directs the sale of the lands situated in other states; the payment to the widow of one-half of the proceeds of such sales and one-half the income from all the real estate upon the execution by her of a deed of release to the trustees of her interest in all the real estate. The trustees are required to hold the Allen county land, and rent, manage and improve it, until the death of the last surviving child of the testator, when it is to be equally divided *per stirpes* among the testator's surviving descendants, according to the rule of the civil law in Illinois. If the beneficiaries do not agree upon the division it is to be made under the supervision of the Kansas court having jurisdiction. The will provides that the trustees shall be under the jurisdiction and control of the circuit court of Bureau

county, Illinois, to which annual reports are to be made, except as otherwise provided with respect to the Allen county lands.    Provisions are included for annual and other distributions of net income and the proceeds of sales, subject to the wife's moieties, among the four children of the testator, viz., his daughters Mary and Ada, and his two sons, the appellees.    The will contains other provisions and directions and appoints the trustees so named to be executors also.    Ada died before the death of the testator.

The surviving executors were duly appointed and are in the active discharge of their duties.    The debts have been paid except a claim of $400, and the executors have filed their final report in the probate court of Allen county, which has not been acted upon.

Upon the application of the widow the probate court has set aside to her real estate in Allen county, described in the petition, being one-half in value of the lands of the deceased in that county, and she is in possession thereof.    The trustees have sold a large part of the Nebraska land and have received and are receiving large sums as rentals and are ready to make a distribution.

The petition contains general averments, in substance, that owing to complications and doubts arising by reason of the election of the widow the trustees are unable to determine and make legal distribution; that by reason of that fact, and other complications concerning the remainder of the property and the distribution thereof and doubts and uncertainties concerning the proper construction of the will, and questions of law necessarily arising, the affairs of the estate have become involved; that they can not safely administer the trust except under the direction of a court of equity; that they are liable to become involved in a multiplicity of suits; and that the will is in many respects indefinite, uncertain and contradictory.    The trustees therefore apply to the court for directions and

for a construction of the will in order that the rights of the beneficiaries and the duties of the trustees may be determined.

The daughter Ada left no husband or descendant, and the parties to this action appear to be the only heirs of the testator, the only beneficiaries of the trust, and the only devisees or legatees under the will.

The appellees are nonresidents of Kansas and were served by publication. In the appeal of the defendant, Samuel F. Knox, objections are made to this service upon the grounds that the statute does not authorize service by publication in such a case, and that the court has no jurisdiction to entertain the action. The first objection is answered by referring to the statute, which provides that such service may be made:

"In actions which relate to or the subject of which is real or personal property in this state, where any defendant has or claims a lien or interest, actual or contingent, therein, or the relief demanded consists wholly or partly in excluding him from any interest therein and such defendant is a nonresident of the state or a foreign corporation." (Civ. Code, § 78.)

The other objection relating to jurisdiction of the subject is presented by the demurrer also and will be considered in connection with that matter.

The demurrer is upon the grounds that the court has no jurisdiction of the person of the defendants; that the plaintiffs have no capacity to sue; that there is another suit pending between the same parties for the same cause; and that the petition does not state facts sufficient to constitute a cause of action. The abstract does not show upon what ground it was sustained. The appellees rely, however, upon the want of jurisdiction of the person and subject, and the insufficiency of the facts to constitute a cause of action.

It is argued that in the absence of any averments of special or extraordinary conditions, the probate court has exclusive jurisdiction of the estate, and that the intervention of a court of equity is not necessary. It

is suggested that when the personal estate is administered, the debts paid, and the executors discharged, the trustees will then come into the possession of the residue, and that until that event occurs they are subject to the exclusive control of the probate court. This contention can not be sustained. The title to the real estate, at least, vested at once in the trustees on the death of the testator. It was contemplated that the trust would continue for many years, for the will directs that the Allen county land shall not be divided until the last surviving child of the testator is dead. Considerable time may be required to dispose of the large quantities of land in other states, and otherwise execute the trust. Some distributions have been made by the trustees. Other distributions may be made without regard to the ordinary progress of settlement of the estate by the executors. The two trusts—the one expressly created, and that reposed in the executors by their appointment as such—are distinct, although devolved upon the same persons. The latter trust is in the control of the probate court, although the district court by virtue of its general chancery powers has jurisdiction of proceedings of executors which may be exercised when a situation arises which requires its exercise. (*Shoemaker v. Brown,* 10 Kan. 383; *Klemp v. Winter,* 23 Kan. 699, 704; *Carter v. Christie,* 57 Kan. 492, 46 Pac. 964; *Barker v. Battey,* 62 Kan. 584, 64 Pac. 75; *Gordon v. Munn,* 81 Kan. 537, 542, 106 Pac. 286.) The jurisdiction will not be exercised, however, where there is a plain and adequate remedy by ordinary proceedings in the probate court. (*Kothman v. Markson,* 34 Kan. 542, 9 Pac. 218.)

The general jurisdiction of district courts over trusts is recognized by various statutes (Gen. Stat. 1909, §§ 2390, 2479, 9703), and is inherent in courts of equity, which have always assumed the right to

direct and control in the management of trust estates (*Bridges et al. v. Rice,* 99 Ill. 414).

"Courts of equity, by reason of the power they possess over trusts and trustees, have inherent jurisdiction to construe wills which create trusts, either expressly or by necessary implication." (1 Underhill on the Law of Wills, § 455.)

"Whenever there is any *bona fide* doubt as to the true meaning and intent of the provisions of the instrument creating the trust, or as to the particular course which he ought to pursue, the trustee is always entitled to maintain a suit in equity, at the expense of the trust estate, and obtain a judicial construction of the instrument, and directions as to his own conduct." (3 Pomeroy's Equity Jurisprudence, 3d ed., § 1064.)

The general principle is also stated in section 928 of volume 2 of the second edition of Perry on Trusts, where the author says that when the equities are not perfectly clear the trustee may decline to act without the sanction of the court.

The power to construe the provisions of a will has been frequently exercised by this court. (*Ernst v. Foster,* 58 Kan. 438, 49 Pac. 527; *Johnson v. White,* 76 Kan. 159, 90 Pac. 810; *Cummins v. Riordon,* 84 Kan. 791, 115 Pac. 568.) We do not understand that this general jurisdiction is seriously questioned, but it is insisted that the facts stated in the petition do not warrant its exercise. It is suggested that the jurisdiction will not be entertained unless some other equity is brought before the court, and *Keeler v. Lauer,* 73 Kan. 388, 85 Pac. 541, is cited as illustrating such a situation. But the beneficent powers of a court of equity are not limited in their application to cases involving the solution of other questions of equitable cognizance also. Their powers may be invoked by trustees to construe trust instruments and control the management of trust property without pleading other causes of action. (3 Pomeroy's Equity Jurisprudence,

Knox v. Knox.

3d ed., § 1156; *Burgess v. Shepherd,* 97 Maine, 522, 55 Atl. 415.)

It is argued that the petition does not state a cause of action because no particular dilemma was shown and no specific question was presented upon which judgment could be pronounced. This objection, while plausible, goes only to the generality of the statements in the petition which may properly be corrected on motion. In *Griggs v. Veghte,* 47 N. J. Eq. 179, 19 Atl. 867, a suit of the same nature, the court treated the subject under specific questions presenting the matters upon which construction and direction were sought. In *Wheeler v. Perry,* 18 N. H. 307, a bill of complaint appears to have been framed to present particular questions for construction and direction. This proceeding is in the nature of a bill of interpleader, in which the parties in interest may be required to state their respective claims under the will for determination. (*Andrews v. Bishop & others,* 87 Mass. 490.) This view is made apparent in a form of pleading by a trustee to obtain instructions, given in volume 3 of the fourth edition of Daniel's Chancery Pleading and Practice, p. 2010. It should be observed that in such an action the court is not merely to counsel and advise, but must decide and direct. (*Stewart v. Stewart,* 61 N. J. Eq. 25, 47 Atl. 633.) The petition should state the conflicting claims so far as they can be ascertained, causing the doubts and complications referred to, and the particular provisions of the will concerning which they have arisen. The parties impleaded should state their respective claims upon the property or fund to which they assert a right or interest; thus issues will be made up under any of the clauses of the will in controversy, so that judgment may be pronounced upon definite issues, which will be final. If but one point of controversy existed, no great difficulty would appear in developing it by pleading. The fact that there are several only requires further

statements and corresponding care to avoid that generalization which might prevent the certainty which should characterize any judgment to be rendered. The nature of the equitable remedy invoked precludes that exactness of issue that ought ordinarily to be reached in pleading, especially in cases usually denominated actions at law. Suits to construe wills are classified by Pomeroy in a group of cases wherein a general right may be declared or established analogous to bills *quia timet*, which are anticipatory and preventive in their nature. (5 Pomeroy's Equity Jurisprudence, 3d ed., § 7.) The exercise of this jurisdiction must not be so restricted as to afford no other relief than might be obtained in a common-law action, nor allowed so wide a field as to result only in advice upon general propositions.

The district court upon motion of a party, or upon its own initiative, has ample power to cause the petition to be made definite and certain, so as to present issues upon the various provisions of this will in such manner as will admit of an orderly trial and final adjudication.

The court had jurisdiction of the parties and of the subject; the petition, although in general terms, stated a cause of action; the proceedings in the probate court were not a bar, and the demurrer should have been overruled.

The order overruling the motion to set aside the service will be affirmed. The judgment sustaining the demurrer and dismissing the action will be reversed and the cause remanded for further proceedings.