[No. 2578.    April 19, 1922]

## WILLIAMS v. LUSK ET UX.

[Rehearing Denied July 1, 1922]

### SYLLABUS BY THE COURT

(1)    Under Chapter 37, Laws 1878, creating the incorporation of Mesilla, the incorporation has no power of dis-

position over lands of the Mesilla grant not held in common.
                                                    P. 148
(2)   As a prerequisite to the validity of a deed from the incorporation of Mesilla, the party claiming under the deed must show that the lands which it purports to convey are a part of the lands of the grant held in common.      P. 149
(3)   Possession under a deed, fair on its face, with claim of ownership is sufficient to establish title in a suit to quiet title as against one showing no better title.            P. 151

Appeal from District Court, Dona Ana County; M. C. Mechem, Judge.

Action by Nellie Hill Williams against L. C. Lusk and wife. Judgment in favor of plaintiff, and defendants appeal.

Frank Herron, N. C. Frenger, and R. L. Young, all of Las Cruces, for appellants.

J. H. Paxton, of Las Cruces, for appellee.

OPINION OF THE COURT

DAVIS, J.   Appellee, who was plaintiff below, commenced this suit to quiet her title to several tracts of land within the Mesilla Civil Colony grant. Appellants, who were among the defendants, claimed ownership of one tract. The issue was as to the title of this piece. Appellants and their predecessor in interest, had been in possession of it for nearly ten years and still were in possession when this suit was commenced. Both parties fully presented their case, each claiming a title under the grant, and each also claiming by adverse possession. On the latter issue the court found that neither of them had held such possession for a sufficient period to cause the statute to run either as vesting title or as barring adversary proceedings. The evidence upon this feature was indefinite and to some extent conflicting. We are not disposed to interfere with the finding of the trial court in this respect, and will therefore decide the case, as that court did, upon the documentary title. Having failed in her proof of a title by possession, appellee must recover, if at all, upon the strength of her deeds, and, if that also fails, the decision must be against her, irrespective of the title of appellants, for certainly before she may quiet her title

appellee must prove that she has one. Abeyta v. Tafoya, 26 N. M. 346, 192 Pac. 481; New Mexico Realty Co. v. Security Inv. & D. Co., 27 N. M. 664, 204 Pac. 984.

The Mesilla Civil Colony grant lies within what is known as the Gadsden Purchase and was based upon a decree promulgated by the President of Mexico and regulations of the state of Chihuahua. Under these regulations lands were assigned to the colony both for cultivation and for grazing purposes. As was customary under the laws of Mexico, allotments were made of numerous tracts of agricultural lands, of which the allottees became the owners in severalty, and the unallotted land was designated for the common use of all of them for grazing and other purposes. In this particular colony some two leagues of land was allotted as agricultural, and the remainder left for common use. This agricultural land was from time to time divided among the settlers, an allotment of a specific tract being made to each of them. Cultivation of the lands near Picacho, where the tract here in question was situated, was apparently carried on for many years, but a change in the course of the river made further irrigation difficult or perhaps impossible, and cultivation was abandoned. The tract here in dispute lay within these agricultural lands.

[1] By Chapter 37 of the laws of 1878, the Legislature of New Mexico created the "incorporation of Mesilla" composed of the owners of real estate resident within the limits of the Mesilla grant and gave it power "to take control of all real estate held in common." The commissioners who handled its affairs were authorized to sell or lease the common lands. The act made no attempt to grant any powers as to allotted lands, and, as these were held in severalty subject to the control of each individual owner, no legislative action regarding them was necessary.

On February 28, 1893, the incorporation of Mesilla presented to the Court of Private Land Claims a petition asking the confirmation of the Mesilla grant. The

court acted upon the petition and confirmed the grant in two parcels, tract No. 1, consisting of the agricultural land, and tract No. 2, of pasture and woodland. The court found that all the agricultural land had been allotted and distributed among settlers, and accordingly confirmed tract No. 1 to the corporation "in trust for the persons to whom the same was allotted." On the other hand, tract No. 2, the unallotted or common land was confirmed to the corporation absolutely.

Following this degree, on November 15, 1909, a patent of the United States was issued to the corporation of Mesilla conveying tract No. 1—

"in trust for the persons constituting the colony known as the colony of Mesilla, and such other persons as were bona ride residents upon the same at the date of said treaty (the Gadsden Treaty), and the heirs and successors in interest of such persons."

[2] The land which is the subject of this litigation is a part of tract No. 1. Appellee based her claim of title to it disregarding the questioon of possession upon a deed from the incorporation of Messilla dated May 11, 1918, signed by its president and secretary, and which in terms conveys the land to her. Since, under the findings of the trial court, this instrument constitutes her only title, the determination of its effect must be decisive of this case. Title to allotted lands passed to the allottee. U. S. v. Sandoval, 167 U. S. 278, 17 Sup. Ct. 868, 42 L. Ed. 168; Bond v. Barela, 16 N. M. 660, 120 Pac. 707; Id., 229 U. S. 488, 33 Sup. Ct. 809, 57 L. Ed. 1292. Unless, because of the breach of some condition, neither the government nor the grant authorities had any further right of disposition of, or control over them. They had the same status as other lands held in private ownership. Both the New Mexico Legislature and the Court of Private Land Claims in dealing with the Mesilla grant recognized this situation. The Legislature gave no power over such lands to the corporation it created. The court confirmed them to the corporation only as trustee for the actual

owners in whom title had already vested. If the corporation acquired any title at all under this decree or under the patent it was merely as a naked trustee with no duties to perform holding the mere legal title for the real owners. Confirmation to the corporation as -trustee was only a convenient method of avoiding the inquiry into the title to each allotted tract within the grant which would have been necessary to a confirmation of the particular tracts to their individual owners. Certainly under general rules of law, such a trustee could have no power of disposition, and its deed is ineffectual as a conveyance of title. The act of the Legislature, which created this corporation and upon which its authority is wholly dependent, gives it no such authority. Its rights and powers as to effectual disposition are confined absolutely to the lands held in common. The validity of the deed given to the appellee depends therefore upon whether the tract it attempted to convey was in fact a part of the common lands. Since appellee relied upon this deed for her title it was incumbent upon her to prove the title and authority of her grantor by showing that the tract was in fact a part of the land held in common and owned by the corporation. Since she failed to show this fact, it follows that the incorporation of Mesilla had no power of control over it and no right to dispose of it, and its deed is a nulity.

Counsel for appellee contends that the point we have discussed is not assigned as error. Appellant asked the trial court to make a conclusion of law to the effect that the act creating the incorporation of Mesilla vested in it no right to grant titles to land in tract No. 1, but gave it jurisdiction only over the common lands, and that the corporation had no power to convey the lands covered by the deed to appellee. The refusal of the trial court to do so is assigned as error here, and the point is therefore sufficiently raised.

Appellants attempted to show affirmatively that the land in dispute was actually allotted, and to deraign

title from the allottee. But the trial court found that the land described in the certificate of allottment was not the same land claimed by appellants and described in their later conveyances. Under the evidence in the case, we will not disturb that finding.

[3] The proof on behalf of appellants was, however, sufficient to require a decree in their favor. On the 23rd day of November, 1916, a deed was executed by Phoebus Freudenthal and wife to appellant L. C. Lusk for the lands involved in this proceeding. The court found that Freudenthal had been in the actual and adverse possession of this land since the month of January, 1909, and that appellants continued this possession to the time of the bringing of this suit. In Holthoff v. Freudenthal 22 N. M. 377, 162 Pac. 173, this court held that possession under a deed fair on its face with a claim of ownership is sufficient evidence to establish title in an action such as this as against a defendant not showing a better title. Appellee, as we have seen, proved no title to this land and it follows that the possession of appellants under the deed mentioned was sufficient to require a decree in their favor.

The judgment of the lower court is therefore reversed with instructions to enter a decree in favor of appellants, and it is so ordered.

RAYNOLDS, C. J., PARKER, J. Concur.