# SUPREME COURT

OF THE

# STATE OF COLORADO

## JANUARY TERM, 1924.

---

No. 10,430.

BINKLEY *v.* SWITZER.

Decided October 1, 1923. Opinion modified March 3, 1924.

Action for interest in land. Judgment for defendant.

*Affirmed.*

1. ADVERSE POSSESSION—*Will—Color of Title.* A will, like a deed to give color of title, should contain such a description of the land that it may be identified.

2. APPEAL AND ERROR—*Right Judgment, Unsound Reasons.* Although the reasons given for a judgment may not be sound, if the judgment is in fact correct for other reasons, it will not be reversed.

(1)

3. WILLS—*Widow—Heir.* The widow of a husband dying intestate is an heir to one half of the estate.

4. WORDS AND PHRASES—*"Heir."* The word heir includes such persons as would take under the statute of descent and distribution.

5. REAL ESTATE—*Defeasible and Absolute Title.* Where a person having a defeasible title to real estate which would become absolute on the happening of a certain contingency, conveyed the same and the contingency thereafter happened, the defeasible title became absolute.

6. JUDGMENT—*Lapse of Time—Review.* A decree, unquestioned for a number of years, by which part of a will was held void, cannot be reviewed in subsequent litigation over the title of property devised by the will.

*Error to the District Court of Chaffee County, Hon. James L. Cooper, Judge.*

Mr. BENJAMIN GRIFFITH, Mr. GEORGE A. MILLER, for plaintiff in error.

Mr. G. K. HARTENSTEIN, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error brought a suit against defendant in error seeking thereby to be adjudged owner of a two-fifths interest in certain realty claimed and held by the defendant. The circumstances under which the cause arose are fully set forth in *Binkley v. Switzer,* 69 Colo. 176, 192 Pac. 500. On the second trial the court found for the defendant and entered judgment accordingly. The plaintiff brings error.

The trial court held that the defendant was entitled to the land under the seven-year statute of limitation under color of title; the will of one Weston, under which both parties claimed, giving color of title.

Plaintiff in error contends, and rightly we think, that the will does not give color of title because the land in question is not so described in the will as to be capable of identifica-

tion.  Defendant in error cites 2 C. J. 195, to the effect that
a devise of land may give color of title, quoting the para-
graph to that effect, but fails to add the concluding portion
of the paragraph which states that a will, like a deed, to
give color of title "should contain such a description of the
land that it may be identified."   The latter statement is
fully supported by cases cited.  There is no land described
in the will, and no mention is made of the location of any
of the property devised.

Although the reasons given for the judgment may not
be sound, if the judgment is in fact correct for other rea-
sons, it will not be reversed.  This is a settled rule of law.

Defendant claimed under a warranty deed from one
Coltern who took under a devise in the will of Weston
above mentioned.   The will gave Coltern an undivided
one-half of all the testator's property, with the provision
that, should Coltern die leaving no legal heir surviving him,
the property so devised should be divided among persons
named.  Coltern took under the will a defeasible fee, sub-
ject to be defeated by his death without an heir.   This suit
proceeds apparently upon the theory that Coltern, who is
dead, left no heir, although it is admitted that he left a
widow surviving him.

In *Anderson v. Groesbeck,* 26 Colo. 3, 55 Pac. 1086, this
court held that "the widow or surviving wife of a husband
dying intestate is an heir to one-half of the estate."

To the same effect is *Weston v. Weston,* 38 Ohio St. 473,
which holds, according to the general doctrine, that the
word "heir" includes such persons as would take under the
statute of descent and distribution.

Coltern having a defeasible title to an undivided one-half
of the premises, as above stated, conveyed the same, his
wife joining in the deed, to the defendant in error.   The
latter acquired, therefore, a defeasible title in fee, which
would become absolute on the death of the grantor leaving
an heir.   The record shows that the contingency above
stated happened, Coltern leaving his widow as his heir,

and upon the happening of that contingency the defeasible title to the one-half became absolute in Switzer.

It is contended, however, that under the first decision in this case, a portion of the estate given to Coltern by the will should have been taken to form the estate given to the widow by the decree of 1898. Consequently, it is said, there was an estate left in the remaindermen, and Coltern does not own the whole property.

A further examination of the record and a consideration of the facts lead to the conclusion that such statement in the opinion was uncalled for, under the facts shown of record, as was also a holding that the remaindermen were not bound by the judgment because nothing was asked against them in the complaint. Their rights were dependent upon the existence of a life estate in the widow, the prayer was for the cancellation of that part of the will which devised the life estate, and remainder to the said defendants, and that the plaintiff, the widow, be decreed to be the owner in fee simple of one-half of said estate. This was a demand for the cancelling of the part of the will under which alone the remaindermen could make any claim. The court found that the will was void as to the devise to the widow. The judgment followed the findings, and adjudged that the devise of a life estate with the remainder over was void, that it should be cancelled and set aside, and that the remaindermen take nothing under the will. In any event, we can not, on this record, review a judgment entered in 1898, and never hitherto questioned. There being no interest left in the remaindermen, a full half interest passed by Mrs. Weston's deed to Coltern.

The judgment is accordingly affirmed.

MR. JUSTICE DENISON and MR. JUSTICE SHEAFOR concur.