26 P.(2d) 1079

**GREEN v. TRUMBULL et al.**

No. 3799.

Supreme Court of New Mexico.

Nov. 6, 1933.

Rehearing Denied Nov. 29, 1933.

C. N. Higgins and Nathaniel Lloyd, both of East Las Vegas, for appellant.

Hunker & Noble, of East Las Vegas, and H. E. Blattman, of Las Vegas, for appellees.

HUDSPETH, Justice.

This is a suit to quiet title to 370 acres of land described by metes and bounds, a part of the Las Vegas grant. The decree went for the interveners and defendants on cross-complaints, and plaintiff brings the case to us for review.

The court found that appellant's possession was without color of title, a requisite under our statute, 1929 Comp., § 83-119 and section 83-122. Appellant relied upon the unprobated will of his mother as color of title, and assigned the refusal of the court to admit the will in evidence as the point for reversal. This purported will was filed in the probate court and notice given of the time of the hearing, but no order admitting the will to probate appears of record. The only mention of appellant in the will appears in the residuary clause, which reads as follows, to wit:

"All the residue of my estate, real, personal and mixed, wheresoever it may be found, and of whatsoever it may consist, I give and devise unto my children, Alphinia Bringhurst, formerly Alphinia Chaffin, Zachariah Green, Eli Green, John Green, Ellen Nissen, Bessie Rogers, Fredrick William Cutler and Alfred Cutler, share and share alike, to hold to them and their heirs forever."

Other provisions of the will are:

"I give and devise unto my son, Alfred Floyd Cutler, my large dwelling house a short distance east of the Mora road and north of the City of Las Vegas, New Mexico, and three acres in one body adjoining said dwelling house to be selected by my son, Alfred Floyd Cutler. * * *

"I give and devise unto my daughter, Sarah Cutler, my small three room adobe dwelling house lying to the east of the above described premises, and one acre of land in one body adjoining thereto to be selected by her after my death."

The court found, and the finding is not challenged here, as follows: "That from the time he took possession and claimed to own the property in his own right he held the same adverse to everyone, including his father, Alfred G. Green, and the heirs of his mother, Martha G. Green."

The objections to the sufficiency of the will as color of title are: (1) That it has not been admitted to probate (28 R. C. L. 357; Case Note, Ann. Cas. 1916A, 887); (2) assuming that the appellant might rely upon the will as color of title, he would have only an undivided one-eighth interest, since the theory of one cotenant's possession being the possession of all is eliminated by the finding of the trial court that appellant held adverse to the heirs of his mother (Bradford v. Armijo, 28 N. M. 288, 210 P. 1070); (3) that the purported will does not contain a description of the land sufficient to constitute the same color of title.

Without considering the first and second objections, we are of the opinion that the trial court should be sustained on the third ground urged.

The rule is stated in 2 C. J. 195, as follows: "A devise of land may give color of title, possession under which for the statutory period will ripen into a good title by adverse possession. As is the case with deeds, a will, to constitute color of title must purport to convey the land to the claimant thereunder or to those with whom he is in privity, and should contain such a description of the land that it may be identified."

To the same effect is the holding in Binkley v. Switzer, 75 Colo. 1, 223 P. 757. It has been held that the principal office of color of title is to define boundaries. Blacksburg Mining & Manufacturing Co. v. Bell, 125 Va. 565, 100 S. E. 806.

It is the theory of appellant that by reference to the provisions of the will devising the houses, which he maintains are within the outboundaries of the land involved in this suit, sufficient evidence of the location of the land is found within the will to authorize oral testimony as to its boundaries and to identify the land involved in this suit as that referred to in the residuary clause of the will. It is often held that parol evidence is permissible to apply but not to supply description. Tuthill v. Katz, 163 Mich. 618, 128 N. W. 757; Cummins v. Riordon, 84 Kan. 791, 115 P. 568. The residuary clause contains no description of any particular tract. Taking the will alone, claim might be made to 30,000 acres of the Las Vegas land

grant as well as to the 370 acres. There is nothing whatever in this clause of the will to identify the land as being that claimed by defendant. It is necessary to call for information not referred to in the will in order to identify the land in suit. There must be at least a descriptive word in the written instrument relied upon as color of title which furnishes the key to the identity. Colonial & U. S. Mtg. Co. v. Lee, 95 Ark. 253, 129 S. W. 84. Where the grantor points out the boundaries on the ground to the purchaser, oral testimony is not admissible to identify the boundaries. McMahon v. Plumb, 88 Conn. 547, 92 A. 113.

The will contains no description of any character to put any one on notice as to the boundaries claimed, and we encounter no difficulty in concluding that the description therein given is not sufficient to constitute the instrument color of title. The decree will, therefore, be affirmed; and it is so ordered.

WATSON, C. J., and SADLER, BICKLEY, and ZINN, JJ., concur.