384 P.2d 681

**Dolores B. SANCHEZ, Individually and as Successor to Appellant, C. B. Sanchez, Deceased, Plaintiff-Appellant,**

**v.**

**Santiago GARCIA, Defendant-Appellee.**

**No. 7253.**

Supreme Court of New Mexico.

Aug. 19, 1963.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Albuquerque, for appellant.

Robert Hoath LaFollette, Albuquerque, for appellee.

NOBLE, Justice.

Plaintiff has appealed from an adverse judgment in a quiet title action involving land in Tijeras Canyon, adjacent to Albuquerque, New Mexico.

Judgment was entered in 1954 quieting the title in plaintiff. In 1959, that judgment was vacated as to defendant Santiago L. Garcia, upon his motion based upon failure to serve him with process. Garcia then filed his answer and cross-complaint seeking to quiet title to a portion of the lands claimed by plaintiff. The trial court found the issues in defendant's favor and entered a decree quieting title to the 14.456 acres claimed by defendant.

The trial court made the following findings of fact and conclusions of law.

## FINDINGS OF FACT

"1. On May 15, 1842, Jose Antonio Garcia, grandfather of defendant Santiago L. Garcia was granted certain tracts of lands located in Tijeras Canyon, east of Albuquerque, by the Spanish [sic] Government. The land involved in this case was a part of these tracts.

"2. In 1887, said Jose Antonio Garcia died leaving several children and a widow. Among his heirs were two

sons, Juan Antonio Garcia, father of defendant, Santiago L. Garcia, and Bibian or Vibian Garcia.

"3. Thereafter, in 1916, Vivian Garcia conveyed the tract he inherited from his father to Lewis H. Chamberlin. Prior to that Lewis H. Chamberlin had acquired another tract of land which was bounded by Vivian's tract on the East. Thereafter, Chamberlin conveyed this property to his wife who later conveyed it to Fred and James Chamberlin who finally lost it by non-payment of taxes.

"4. Prior to his death, the family of Juan Antonio Garcia agreed as to how this property should be divided, and it was so divided before and after his death. The conveyances after his death were by his widow, Trinidad Lopez de Garcia. Among these conveyances, was one to her son, Faustino in 1922 conveying to him a strip of land ninety (90) yards wide which was bounded on the West by a tract eighty-three (83) yards wide which Mrs. Garcia had retained to herself in the division. The Chamberlin property was located West of Faustino's tract.

"5. In 1943 Mrs. Garcia conveyed her eighty-three (83) yard strip to defendant Santiago L. Garcia, which is the land in litigation in this case.

"6. After receiving this property the abstract of title indicates defendant, Santiago L. Garcia, began assessing it in his name and paid the taxes.

"7. In 1946, plaintiff, C. B. Sanchez, acquired the Chamberlin property by Tax Deed, however the description in the deed is insufficient.

"8. In 1947 some of the children conveyed property East of Santiago's tract to C. B. Sanchez.

"9. Thereafter, C. B. Sanchez employed a surveyor to survey the property covered by his Tax Deed and Deed and the surveyor included Santiago's tract in the description.

"10. This land was not occupied by either Sanchez or Santiago or anyone else after they acquired it.

"11. In 1953 Plaintiff Sanchez filed this quiet title action including as a defendant Santiago Garcia, who was never properly served with the papers, but Sanchez obtained a decree against Santiago.

"12. In 1959 Santiago learned for the first time that Sanchez was claiming his land and after his Motion to set aside the Decree was granted, he filed an Answer and Cross-Complaint in which he asks that his title to the tract be quieted against Sanchez."

## ·CONCLUSIONS OF LAW

"1. The title to the property described in defendant, Santiago L. Garcia's Cross-Claim should be quieted against plaintiff, C. B. Sanchez.

"2. The Tax Deeds in question by which C. B. Sanchez claims to have acquired the property are void for lack of a sufficient description of the property intended to be conveyed.

"3. C. B. Sanchez has not acquired title to the property by adverse possession."

 Appellant attacks findings of fact Nos. 4, 5, 6, 10 and 12 as being clearly erroneous, based upon testimony which is inherently improbable and without substantial support in the evidence. It is true that appellee's testimony differed materially from that of appellant and other witnesses in several material aspects. It would serve no useful purpose to point out the particular testimony asserted to be inherently improbable or in what manner the findings are claimed to be without substantial support. Suffice it to say that we find nothing inherently improbable or incredible in the facts relied upon to support the trial court's findings and conclusions. We have examined the record and conclude that the evidence, if believed by the trial court, is substantial to support the findings and conclusions made by the court; and under the well-established rule, this court will not disturb the findings

on appeal. Coseboom v. Marshall Trust, 67 N.M. 405, 356 P.2d 117; Davis v. Merrick, 66 N.M. 226, 345 P.2d 1042. The fact that there may have been contrary evidence which would have supported a different finding or conclusion does not permit us to weigh the evidence Addison v. Tessier, 65 N.M. 222, 335 P.2d 554. It was for the trial court to resolve the conflicts, Nally v. Texas-Arizona Motor Freight, Inc., 69 N.M. 491, 368 P.2d 806; and this court will not substitute its judgment for that of the trial court as to the credibility of witnesses. Hinkle v. Schmider, 70 N.M. 349, 373 P.2d 918; Allsup v. Space, 69 N.M. 353, 367 P.2d 531.

Finally, appellant argues that the court erred in refusing to find that appellant acquired title to the land in dispute by adverse possession. The court found that appellant failed to prove either actual, visible appropriation of such land or color of title, both of which are essential to acquiring title by adverse possession under § 23–1–22, N.M.S.A.1953. Appellant relied upon tax deeds which describe the land as: "Grant; Anaya; J. Garcia," or "Grant. Arroya, J. Garcia." The objection to the sufficiency of the tax deeds as color of title is that the description is wholly insufficient to identify the land. It is conceded that the tax deed is void for uncertainty of the description, but it is asserted that a void tax deed may nevertheless be color of title.

To constitute color of title, an instrument must purport to convey the land involved. It is obvious that if the description in the instrument relied upon as color of title does not identify the land with the degree of certainty essential to ascertain its boundaries, it lacks an essential of color of title. Even though a void tax deed might otherwise constitute color of title, it cannot do so if the description of the land is insufficient to locate or identify it, and cannot be made sufficient. 38 A.L.R.2d 986 at 1024; Laws v. Oakey, 216 Ga. 408, 116 S.E. 2d 575. Our decisions in Williams v. Lusk, 28 N.M. 146, 207 P. 576; Romero v. Herrera, 30 N.M. 139, 228 P. 604; Turner v. Sanchez, 50 N.M. 15, 168 P.2d 96, 164 A.L. R. 1280; and Heron v. Garcia, 52 N.M. 389, 199 P.2d 1003, do not extend the above rule.

In this instance, appellant asserts that the tax deeds from the state to C. B. Sanchez, relied upon as color of title, recite the tax sale certificate numbers and the numbers of the tax deeds from the county treasurer to the state. These certificates and tax deeds from the county treasurer, appellant argues, recite that the land was theretofore assessed to Edna Chamberlin Lewis. It is contended that by reason of those references, not only the description by which it was assessed to Edna Chamberlin Lewis, which was identical with that in the deed, but a deed by which Edna Chamberlin Lewis acquired title to some land in Bernalillo County, New Mexico, is competent, as extrinsic evidence, to identify the land intended to be described in the deed relied upon as color of title. That contention was denied in Green v. Trumbull, 37 N.M. 604, 26 P.2d 1079, where the will relied upon for color of title did not describe the testator's land. There, it was said that "[i]t is often held that parol evidence is permissible to apply but not to supply description" and information not derived from the instrument relied upon as color of title may not be supplied by extrinsic evidence. The deed conveying some land to Edna Chamberlin Lewis, offered as supplying the identity of the description, is not referred to in the tax deed relied upon as color of title. The tax sale certificate number is not such a key to the identity of the land as was said to be required in order to admit extrinsic evidence of identity in Green v. Trumbull, supra. Furthermore, in the instant case, there is no evidence that the deed to Edna Chamberlin Lewis, offered as identity of the land described in the instrument relied upon as color of title, was the only land, even in that precinct, owned by Edna Chamberlin Lewis.

The tax deed contains no description sufficient to put one on notice as to the boundaries claimed, and we have no difficulty in concluding that the trial court applied proper legal principles in its conclusion that the deed relied upon did not constitute color

of title to support appellant's claim of title by adverse possession.

Appellee's motion to dismiss the appeal as frivolous is without merit and is, therefore, denied.

It follows that the judgment appealed from should be affirmed.

It is so ordered.

CHAVEZ and MOISE, JJ., concur.