434 P.2d 66

Pearl A. CURRIER, Marion Currier Mc-Breen, Ruth Currier Brown and Helen Currier Do Bell, Plaintiffs-Appellees,

v.

Doroteo GONZALES and Manuelita Gonzales de Gonzales, Defendants-Appellants.

No. 8350.

Supreme Court of New Mexico.

Nov. 20, 1967.

Zinn & Donnell, Santa Fe, for appellants.

Catron & Catron, Santa Fe, for appellees.

OPINION

COMPTON, Justice.

This is a quiet title action by the plaintiffs in the usual statutory form involving lands in Santa Fe and San Miguel Counties. Issue was joined by a general denial. An affirmative defense of adverse possession was interposed. Judgment was entered in favor of the plaintiffs, and the defendants have appealed.

The trial court found that the appellees were the owners in fee of the premises described in the complaint. This finding is under attack on appeal. The record, however, affords substantial support for the finding. On September 8, 1919, in cause number 7631, San Miguel County, in which Gross Kelly & Company, appellees' predecessors in title, was plaintiff, and Donaciano Gonzales, appellants' predecessor in title, was defendant, a decree was entered in favor of Gross Kelly & Company and against Donaciano Gonzales quieting the title to the premises in Gross Kelly & Company.

Probate proceedings involving the estate of Donaciano Gonzales were filed in San Miguel County, New Mexico, and the administrators of his estate, on February 14, 1938, listed the land involved here in the

inventory as a part of his estate. Subsequently, on June 5, 1939, the administrators again listed the land in the final report of the estate of Donaciano Gonzales and also listed his heirs, the appellants here, or their predecessors in title as being entitled to his estate. The probate proceedings were never closed nor was any order entered determining heirship of the decedent.

Appellants, however, as heirs of Donaciano Gonzales, assert title to the premises by adverse possession. They rely on the doctrine of descent cast to support their position. In other words, they contend that the continuous possession of the premises by Donaciano Gonzales, and by them after his death under the inventory and final account and report constitutes color of title as required by § 23–1–22, N.M.S.A.1953. In Alabama, where the doctrine of descent cast is provided by statute, the term descent cast "means that when one dies in possession of land and possession is continued by his heirs, this possession is under color of title although the ancestor had not even color of title." White v. Williams, 260 Ala. 182, 69 So.2d 847.

We decline to follow the doctrine of descent cast as thus defined. It would do violence to the statute and runs contrary to the decisions of this court. The use of the term in Torrez v. Brady, 37 N.M. 105, 19 P.2d 183, was not intended to convey the meaning as above set forth, but rather that color of title of an ancestor in possession is equally color of title in the heirs who continue such possession. Similarly, the interest of an ancestor may be passed by will to an heir. Green v. Trumbull, 37 N.M. 604, 26 P.2d 1079. Color of title must be supported by a writing or a conveyance of some kind purporting to convey land under which the claim of title is asserted. Armijo v. Armijo, 4 N.M. 57, 13 P. 92; and Green v. Trumbull, supra. See also 3 Am.Jur.2d, Adverse Possession, § 105. A decree quieting title may also furnish color of title. Quintana v. Montoya, 64 N.M. 464, 330 P.2d 549, 71 A.L.R.2d 397. It is apparent that

neither the inventory nor the final report purports to convey land.

Appellants make the point that appellees cannot maintain the action since they were not shown to have been in possession of the premises when the action was brought. This line of reasoning must be rejected. Quiet title actions may be brought by anyone, in or out of possession, claiming an interest in real property. Section 22–14–1, N.M.S.A.1953. See Martinez v. Mundy, 61 N.M. 87, 295 P.2d 209.

The judgment should be affirmed. It is so ordered.

CHAVEZ, C. J., and MOISE, J., concur.