690 P.2d 1027

**Gertrude P. SLEMMONS,**
**Plaintiff-Appellee,**

v.

**Letha MASSIE, also known as Letha Massie Harbus; and Billie W. Harless, and Joanna B. Harless, his wife, Defendants-Appellants.**

**No. 15353.**

Supreme Court of New Mexico.

Nov. 8, 1984.

Anthony J. Williams, Belen, for defendants-appellants.

J. Stephen Gammill, Albuquerque, for plaintiff-appellee.

**OPINION**

FEDERICI, Chief Justice.

Gertrude P. Slemmons, plaintiff-appellee (Slemmons), brought suit in the District Court of Torrance County to quiet title to approximately 320 acres of land and to

eject Letha Massie, Billie W. Harless and Joanna B. Harless, defendants-appellants (Massie and Harless) from the property. Massie and Harless answered that they had obtained title to the entire property by adverse possession. On cross motions for summary judgment, the district court held that Slemmons and Massie were tenants in common with each other, each with a one-half undivided interest and that now Harless, as Massie's grantee, is a tenant in common with Slemmons. Massie and Harless appeal. We affirm the district court.

Slemmons and her late husband, L.C. Slemmons, purchased the property in 1945 for approximately $12,000 and gave a note and mortgage on it to the First National Bank of Belen in the amount of approximately $3,000. On February 10, 1950, Mr. Slemmons' sister, Massie paid off the note in full for her brother, and the bank assigned the mortgage to her. No payment was ever made to Massie on the mortgage. Massie maintains that her brother orally agreed that title to the property was thereupon vested in her. Slemmons, however, says that she and her husband intended for Massie to have only a one-half interest.

Massie claims that she paid taxes from 1960 through 1978. Slemmons claims that she and her husband paid at least half the taxes until 1960 and thereafter paid their share of taxes until 1978 by virtue of their waiving their share to one-half of the rental income. It is undisputed, however, that L.C. Slemmons placed the property in the USDA Soil Bank Program from 1958 through 1963 and that the proceeds from this program were divided equally between L.C. Slemmons and Massie. Massie deeded the entire property by warranty deed to her daughter and son-in-law, Joanna B. Harless and Billie W. Harless in 1978.

■ To support their adverse possession claim under NMSA 1978, Section 37–1–22, Massie and Harless argue that the mortgage which was assigned to Massie by the bank constitutes color of title. We disagree. A mortgage does not constitute color of title for purposes of acquiring title by adverse possession. In New Mexico, color of title must *purport to convey* title to the property. *Currier v. Gonzales*, 78 N.M. 541, 434 P.2d 66 (1967); *Sanchez v. Garcia*, 72 N.M. 406, 384 P.2d 681 (1963). It must attempt to give title to the adverse occupant, but for some reason fails to do so. *Brylinski v. Cooper*, 95 N.M. 580, 624 P.2d 522 (1981). We recognize that a void or voidable instrument may be sufficient for color of title. *Baker v. Baker*, 90 N.M. 38, 559 P.2d 415 (1977). However, such an instrument on its face must profess to pass title. *Currier v. Gonzales*.

■ It is well established in New Mexico that a mortgage is merely a lien and passes no title to the mortgaged property. *State ex rel. Hill v. District Court of Eighth Judicial District*, 79 N.M. 33, 439 P.2d 551 (1968); *Griffith v. Humble*, 46 N.M. 113, 122 P.2d 134 (1942); *Eccles v. Will*, 23 N.M. 623, 170 P. 748 (1918). The mortgage, both on its face and under New Mexico law, only gives the mortgagee the right to enforce the lien by foreclosing on the property. NMSA 1978, §§ 39–5–1 to –23; NMSA 1978, § 48–7–7. A mortgage, therefore, does not purport to convey title to the property and cannot constitute color of title. To hold otherwise would allow a mortgagee in possession a remedy that is neither provided for by the instrument nor by law and which could greatly exceed the indebtedness to the possible exclusion of other lienholders.

■ If any one of the necessary elements required to establish title by adverse possession is lacking, title by adverse possession cannot be proven. *Birtrong v. Coronado Building Corporation*, 90 N.M. 670, 568 P.2d 196 (1977). Although it appears that the element of hostility is also lacking, we need not address that issue. Since we find no color of title, the adverse possession claim of Harless and Massie must fail.

■ Having concluded that Massie and Harless do not have title to the property through adverse possession, we must determine what interest, if any, they own in the premises. In both the briefs and argu-

ments presented to this Court, Slemmons conceded that Massie held a one-half undivided interest in the property. Facts admitted in a pleading by an adverse party do not need to be proven, *Panzer v. Panzer*, 87 N.M. 29, 528 P.2d 888 (quoting *Chavez v. Gribble*, 83 N.M. 688, 496 P.2d 1084 (1972)).

The sharing of proceeds from the soil bank program, the payment of taxes by Slemmons and Massie, and the joint use of the property are also facts which support a finding of cotenancy. It is the duty of all cotenants to pay the tax on the property when due. *Reed v. Nevins*, 77 N.M. 587, 425 P.2d 813 (1967). Considering these facts together with Slemmons' admission, we conclude that the district court properly held that Slemmons and Harless are tenants in common, each owning a one-half undivided interest. The judgment of the district court is affirmed.

IT IS SO ORDERED.

SOSA, Senior Justice, and RIORDAN, J., concur.