No. 26,807.

F. A. KELLY, *Appellant*, v. LIZZIE R. NORTON, as Executrix, etc.,
et al., *Appellees*.

SYLLABUS BY THE COURT.

1. TRUSTS—*Express Trusts—Promissory Note—Sufficiency of Evidence to Establish*. In an action to recover on a promissory note alleged to have been delivered to the holder in such a manner as to constitute an express trust, the proceedings considered, and *held*, under the facts narrated in the opinion it was not error for the court to find that no express trust had been proven.

2. SAME—*Trial Generally*. Various alleged errors considered and held not to require a reversal.

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion filed October 9, 1926. Affirmed.

*B. J. Carver*, of Paola, for the appellant.

*Ben F. Winchel*, of Osawatomie, *William M. Glenn*, of Tribune, and *P. L. Courtright*, of Independence, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: The plaintiff sought to recover the proceeds of a promissory note alleged to have been delivered to him in such manner as to constitute an express trust. He was defeated and appeals.

The note in question reads:

"$1,090.                                    OSAWATOMIE, KAN., March 2, 1922.
"One year after date we promise to pay to the order of Hattie Stout, for value received, ten hundred ninety and no/100 dollars, with interest at seven per cent per annum, said interest payable semiannually; if not so paid to become principal and bear seven per cent per annum interest.
"Payable at the Osawatomie State Bank.          D. BRENEMAN,
                                                EMMA R. BRENEMAN."

At the time of the execution of the note the plaintiff signed an instrument, which reads:

"Received from Hattie Stout for safe keeping a certain promissory note executed by D. Breneman and Emma R. Breneman, husband and wife, for the sum of ten hundred ninety and no/100 dollars ($1,090). In the event of sickness or death Mr. Frank Kelly is to draw and use as much of above amount as may be necessary and the residue, if any shall be paid to said Frank Kelly without any probate court or legal proceedings whatever, and said note when paid shall be surrendered to the makers and said Frank Kelly's signature as receipt shall be deemed a legal settlement.                              F. A. KELLY.
Witness to terms: D. Breneman.
Witness to terms: Emma R. Breneman.
    OSAWATOMIE, KAN., March 2, 1922."

Appeal and Error, 4 C. J. p. 877 n. 80.  Trusts, 39 Cyc. pp. 35 n. 55, 86 n. 78, 111 n. 52, 207 n. 18, 246 n. 18.

At the time of the execution of the instruments in question Mrs. Stout was eighty-four years old. Plaintiff was fifty-six. For many years Mrs. Stout had been an employee of a hotel in Osawatomie at which the plaintiff was a boarder. The record discloses no relationship existing between them, blood or otherwise, nor any evidence that plaintiff performed any service of value or favor to her during her life, or that they had any particular affection for one another. There was evidence that on March 2, 1922, the plaintiff was requested by Breneman and Mrs. Stout to accompany them to the home of the Brenemans; that a conversation occurred there between them and Mrs. Stout in the presence of the plaintiff as a result of which the instruments in question were executed, the note being given in consideration for certain building and loan stock which was transferred by Mrs. Stout to the Brenemans. Mrs. Stout died February 19, 1923. After her death the plaintiff had her remains properly interred and a monument erected at her grave. He was appointed administrator of her estate, and listed all of her property except the note in question, which he claimed to own. The trial court found that the plaintiff had failed to establish his ownership of the note; that it was the property of the estate of Mrs. Stout.

The plaintiff contends that Mrs. Stout created an express parol trust; that he was competent to testify concerning the directions given by Mrs. Stout to Breneman regarding the drafting of the document; that he (the plaintiff) merely sat by and heard the directions given by her to her business agent (Breneman); that he (plaintiff) took no part in the transaction; that, as trustee, he received the note, held it for about a year, and on the death of Mrs. Stout saw to it that her debts and funeral expenses were promptly paid; that the parol trust created by Mrs. Stout has been fully performed and executed.

The defendants argue that the instrument fails to establish anything more than a mere agency designating the plaintiff to collect the note, to receipt for its payment, and to expend a portion of the proceeds for a stipulated purpose; that the words, "Received from Hattie Stout for safe keeping," do not imply a beneficial trust in the receiver, Kelly; that the instrument contains no instructions, no suggestions, no inference as to what shall be done with the proceeds of the note, over and above necessary sickness and funeral expenses; that had the note been paid in full by the makers during

the lifetime of Mrs. Stout, as her agent Kelly could have lawfully receipted for payment of the same and surrendered the note to the makers without any legal proceedings; that there is nothing in the instrument itself that would, in that event, have prevented Mrs. Stout from terminating the agency or trust arrangement, if any trust was created, and demanding of Kelly payment to her of the proceeds of the note.

It has been said that a trust cannot exist where the same person possesses both the legal estate and the beneficial interest. (*Doan v. Ascension Parish,* 103 Md. 662.)

"Considered from the standpoint of parties, an express trust implies a co-operation of three persons—a settler, or a person who creates or establishes the trust; a trustee, or a person who takes and holds the legal title to the trust property for the benefit of another; and *cestui que trust,* or person for whose benefit the trust is created." (39 Cyc. 35.)

In the Doan case it was said:

"It is apparent therefore that wherever a trust is alleged to be created by any instrument or instruments, there must be a separation of the legal estate from the beneficial enjoyment, and that a trust cannot exist where the same person possesses both. As expressed by Mr. Lewin, in his work on Trusts, vol. 1, p. 14, 1 Amer. ed.: 'A trust is a confidence reposed in some other than the *cestui que trust,* for which the *cestui que trust* has no remedy but by subpœna in chancery; . . . for, as a man cannot sue a subpœna against himself, he cannot be said to hold upon trust for himself. If the legal and equitable interests happen to meet in the same person, the equitable is forever merged in the legal.'" (p. 666.)

"Among the essentials of a valid trust are that the precise nature of the trust which the donor intended to create should appear, and that the particular persons who are to take as *cestui que trust* and the proportions in which they are to take, should be pointed out. If they are not, then the trust cannot be executed; it must fail. Where the character of a trust is impressed upon the gift, and it fails because ineffectually declared, and the *cestui que trust* are not clearly designated, the trustee is not entitled to the gift for his own benefit." (*Fitzsimmons v. Harmon,* 108 Me. 456, 459, 37 L. R. A., n. s., 400.)

If Mrs. Stout attempted to create a trust it was only partially specifically declared; the specific declaration being that she herself should be the beneficiary to the extent of her necessary sickness and burial expenses. Under the circumstances any residue should descend to her heirs at law or next of kin.

"Where property is conveyed in trust, but the trust is only partially declared, a trust in the property undisposed of results to the grantor or those claiming under him." (39 Cyc. 111.)

"Where the estate devised to the trustee is more than is necessary for the

performance of his duties, it is cut down to an estate commensurate with those duties and the residue is executed by the statute." (39 Cyc. 207.)

It is contended by the plaintiff that the evidence, if given proper consideration by the court, was sufficient to show the intention of Mrs. Stout to give him the residue of her property, after payment of her necessary sickness and burial expenses. Several witnesses testi- fied substantially that such was her expressed intention. However, she failed to express such an intention in writing. The instrument in question was not signed by her, it was signed only by the plaintiff. In addition to this the trial court heard the testimony and may not have regarded it as worthy of credence. Under the circumstances the finding of the trial court is conclusive.

The judgment is affirmed.