No. 29,647.

Marie Shive, *Appellee*, v. Leffa M. Hayes, *Appellant*.

(294 Pac. 935.)

Opinion filed January 10, 1931.

*C. M. Williams, D. C. Martindell* and *W. D. P. Carey*, all of Hutchinson, for the appellant.

*Walter F. Jones,* of Hutchinson, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an action to have certain instruments construed as creating a trust in real estate. The trial court found and adjudged that they did create such a trust. Defendant has appealed.

The facts disclosed by the record may be thus stated: Alexander Mitchell and Mary Mitchell, his wife, owned a half section of farm land in Reno county and certain lots in the city of Arlington. They had three children: (1) A daughter, Leffa M. Hayes, the appellant here, and the only one living at the time of the execution of the instruments soon to be mentioned; (2) Lora Spence, a daughter, who had died in 1910, leaving a child, Marie, now Marie Shive, the plaintiff herein; (3) a son, who died several years ago leaving an only child, now Barbara Moore. Alexander Mitchell and wife executed four deeds with respect to the real property above mentioned: (1) October 8, 1914, to Leffa M. Hayes, conveying the lots in the city of Arlington; (2) October 8, 1914, to Leffa M. Hayes, 160 acres of their half section of land; (3) on November 25, 1914, to Leffa M. Hayes, an 80 acres of their farm land not included in deed 2; (4) April 11, 1916, to Leffa M. Hayes, for the remaining 80 acres of their farm land. All of these deeds were in form warranty deeds, were executed as gifts and without consideration, and contained in the body of each deed was the following clause:

"And the said parties of the first part hereby expressly reserve to themselves and their assigns the full use and benefit of the above-described premises,

and the rents, issues and profits thereof during the term of their natural lives and so long as either of said grantors shall live."

All of these deeds were recorded by Alexander Mitchell April 21, 1916. This action relates to but one of these deeds, the third one, as we have numbered them above. At the time of the execution of that deed, November 25, 1914, Alexander Mitchell and Mary Mitchell, his wife, executed the following instrument:

"STATEMENT.

"*To whom it may concern:*

"This is to certify that we, Alexander Mitchell and Mary Mitchell, husband and wife, have this 25th day of November, 1914, deeded unto Leffa M. Hayes the following-described property: All of the north half (½) of the southwest quarter (SW¼) of section thirteen (13), township twenty-five (25) range nine (9), Reno county, Kansas, to be held by her, and it is our wish and desire that it be held or disposed of in the manner hereinafter set forth: That the rents and proceeds of said property, after paying the taxes or other legal assessments levied against said property and the necessary expenses incurred in looking after the same, shall be used for the sole benefit of Marie Spence, a minor, and that if there should be an amount received more than necessary for her support and education, that the same be held in trust for her till she is twenty-one (21) years of age. After she be twenty-one years of age that she receive all the rents and proceeds from said property, and that when she be thirty (30) years of age she shall be given a deed to said property, or sooner if deemed advisable by said Leffa M. Hayes, and in the event of the death of said Marie Spence, should said event occur before her reaching the age of thirty (30) years, should she have any children, that the rents and proceeds of said property be used for the support and education of said children, till the youngest is twenty-one (21) years of age, and then that said property be equally divided between said children, if any there be. And that if the said Marie Spence should not live to be thirty years of age and should die without children, then the said Leffa M. Hayes may hold to herself or dispose of said property as in her judgment is best, without let or hindrance."

This instrument was filed for record in the office of the register of deeds on May 9, 1916. The trial court concluded that this instrument should be construed as part of the deed, executed on the same date, as though they were embodied in one instrument. So construing them, the court held that they did create a trust. Alexander Mitchell is still living, although quite feeble in body and mind. Because of the clause in the deed by which the grantors reserved the rents and profits for life, the question whether plaintiff was entitled to rents and profits at the time this action was brought was not presented. The action, as submitted to the trial

court, is simply to construe the instruments to determine the status of the parties.

Appellant argues that this statement is insufficient to constitute a trust in favor of plaintiff for the reason that it is indefinite and uncertain in its terms and shows upon its face that it was prepared after the execution of the deed to Leffa M. Hayes, and that the terms of the statement are in conflict with and contradictory to the terms of the deed; that the statement is a mere request or recommendation to Leffa M. Hayes, and not a direction or obligation upon her to perform, and that the performance of the request or recommendation in the statement is optional and discretionary with Leffa M. Hayes.

We first note that there is no such conflict between the terms of this deed and this statement as to render the provisions in either of them nugatory. It is true, the deed reserves to the grantors the rents and profits for life, while the statement directs Leffa M. Hayes to use the rents and profits for the support and education of plaintiff. But the evidence discloses, and the trial court's opinion sets out, that the deed and statement were written by the same scrivener at the same time, and executed at the same time and as a part of one transaction, and should be interpreted as though all the provisions were embodied in one instrument. So interpreted the grantors have the rents and profits for life, and it was only after that period that Leffa M. Hayes would receive rents and profits and devote them to the use provided for in the statement.

Appellant's principal contention is that the words in the statement, "it is our wish and desire," are merely words of recommendation and request. If standing alone, perhaps they would be so construed. But this construction overlooks the preceding words, "to be held by her," and the words immediately following "that it be held or disposed of in the manner hereinafter set forth." They also overlook the last sentence in the statement, which makes it clear that Leffa M. Hayes was not to have the full beneficial title to this property unless the plaintiff in this case should not live to be thirty years old and should die without children. The trial court held that the instruments, considered together, constituted an express trust in land. We accord with that view. No particular form of expression is required to create an express trust. (*Tenney v. Simpson,* 37 Kan. 579, 15 Pac. 512.) It is sufficient if the language

used shows the intention to create a trust and clearly points out the property, the disposition to be made of it, and the beneficiary. (28 A. & E. Enc. of L. 910.) The express trust here was created by the direct act of the parties evidenced in writing. (*Blackwell v. Blackwell*, 88 Kan. 495, 498, 129 Pac. 173.) The trust was created by Alexander Mitchell and wife; the trustee was Leffa M. Hayes, the *cestui que trust* was the plaintiff; the subject of the trust is real property. (*Kelly v. Norton*, 121 Kan. 619, 621, 249 Pac. 608.)

The court received evidence relating to the family relations, the situation of the parties, and circumstances surrounding the execution of the instruments above mentioned. We deem it unnecessary to detail this evidence. It is sufficient to say that it tended to support the view that Alexander Mitchell and his wife were creating a trust with respect to the two 80-acre tracts described in deeds 3 and 4 for the use and benefit of their granddaughters. In any event it detracted nothing from that view.

The trial court was not requested to make findings of fact and conclusions of law as provided by R. S. 60-2921, but did file a written opinion in which it was stated, among other things:

"Leffa M. Hayes had no knowledge of the purported trust until some time later [than the date of record], when she found it among the grantor's papers."

With reference to her knowledge of the matter Leffa M. Hayes testified that when the deeds were executed they were given to her by her father, with instructions not to record them until after his death, but he came to her and got them shortly before they were recorded; that he did not give to her the statement made out at the same time deed 3 was made out. She was asked:

"Q. When did you first learn there was such a statement as that? A. After they were filed on record.

"Q. How is that? A. After he put them on record at the courthouse. My mother told me about them."

Later than that she found the instrument itself among her father's papers. Since the trial court was not asked to make findings of fact, and did not undertake to do so, the language of the court's opinion should not be construed as overlooking this testimony. Appellant argues that since Leffa M. Hayes did not know about the statement made at the time the deed was made until after it was recorded, and possibly not until after she found it among her father's papers, that she would not be bound by it. But it is not essential to the

creation of a trust that the trustee know of the instrument creating it. In *Adams v. Adams*, 21 Wall. 185, 22 L. Ed. 504, it was said:

"Although a trustee may never have heard of the deed, the title vests in him, subject to a disclaimer on his part. Such disclaimer will not, however, defeat the conveyance as a transfer of the equitable interest to a third person. A trust cannot fail for want of a trustee, or by the refusal of all of the trustees to accept the trust. The court of chancery will appoint new trustees." (p. 192.)

Hence, whether Leffa M. Hayes knew of the instrument creating the trust or not did not destroy the beneficial interest of the plaintiff in the instrument. If, on learning of the instrument, the trustees declined to act, the court would appoint a new trustee. See *Knox v. Knox*, 87 Kan. 381, 385, 124 Pac. 409, as to jurisdiction of courts over trusts.

Defendant pleaded that on August 31, 1921, and after his wife's death, Alexander Mitchell executed a will in which he undertook to devise and bequeath to Leffa M. Hayes all of his property, except one dollar to each of four grandchildren, and in which it was recited that "It is my desire that said Leffa M. Hayes be not under any obligations to perform the request made by me and my wife, Mary Mitchell, who is now deceased, on the 25th of November, 1914, as is shown by" the deed and statement above mentioned. Appellant argues that this shows the construction Alexander Mitchell himself placed upon the instruments; that is, that they simply amounted to a request made by him and his wife. This will, of course, has not been probated. Alexander Mitchell is still living. It could not have the effect of setting aside an express trust previously created. The evidence relating to its execution tends to show that its execution was brought about by Leffa M. Hayes in an effort to obtain the property for herself instead of carrying out the terms of the trust. In any event, it has no effect now in construing the instruments before the court.

We find no error in the record, and the judgment of the court below is affirmed.