No. 31,038

BARBARA MOORE, *Appellee,* v. LEFFA M. HAYES, *Appellant,* et al.

No. 31,039

LEFFA M. HAYES, as an Individual and as Executrix of the Estate of Alexander Mitchell, Deceased, *Appellant,* v. MARIE SHIVE et al., *Appellees.*

(26 P. 2d 254.)

Opinion filed November 11, 1933.

*A. C. Malloy, Roy C. Davis, Warren H. White, C. M. Williams, D. C. Martindell* and *W. D. P. Carey,* all of Hutchinson, for the appellant.

*Walter F. Jones,* of Hutchinson, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The actions were instituted to determine whether voluntary express trusts created in connection with transfers of land *inter vivos* were testamentary in character and consequently revocable by subsequent will of the settlor. Judgments were rendered in favor of the beneficiaries of the trusts, and the adverse parties appeal.

In November, 1914, Alexander Mitchell and his wife, Mary Mitchell, executed a deed of eighty acres of land to Leffa M. Hayes, reserving use, rents and profits during their lives and so long as either should live. At the same time and as part of the same transaction the grantors executed a written statement that the grantee should hold the land in trust for the benefit of Marie Spence, now Marie Shive, the daughter of a deceased daughter of the grantors. The instruments were recorded on May 9, 1916. Marie was then sixteen years old. In April, 1916, the same grantors executed another deed conveying another tract of eighty acres to Leffa M. Hayes, containing the same reservation as the previous deed. At the same time the grantors executed another statement that the grantee should hold the land in trust for the benefit of Barbara Mitchell, now Barbara Moore, daughter of a deceased son of the grantors. The instruments were recorded on May 9, 1916. Barbara was then twenty years old.

Mrs. Mitchell died in 1916. In August, 1921, Alexander Mitchell made a will. He died in April, 1931, and the will was duly probated. The will gave a dollar each to Marie and Barbara, and gave the land to Leffa M. Hayes. The will contained a request that Leffa M. Hayes be not required to perform the conditions in the statements which accompanied the deeds. At the death of the testator Marie and Barbara were living, and each had attained the age of thirty years.

The deeds which have been referred to were identical, except with respect to date and description of property, and the instruments accompanying the deeds were identical except with respect to date, description of property, and name of beneficiary. The deed of 1914 was in form a general warranty deed, which contained the following reservation:

"And the said parties of the first part hereby expressly reserve to themselves and their assigns the full use and benefit of the above described premises, and

the rents, issues and profits thereof during the term of their natural lives and so long as either of said grantors shall live."

The accompanying statement read as follows:

"To WHOM IT MAY CONCERN: This is to certify that we, Alexander Mitchell and Mary Mitchell, husband and wife, this 25th day of November, 1914, deeded unto Leffa M. Hayes the following property: All of the north ½ of the southwest ¼ of section 13, township 25, range 9, Reno county, Kansas, to be held by her, and it is our wish and desire that it be held or disposed of in the manner hereinafter set forth: That the rents and proceeds of said property, after paying the taxes or other legal assessments levied against said property and the necessary expenses incurred in looking after the same, shall be used for the sole benefit of Marie Spence, a minor, and that if there should be an amount received more than necessary for her support and education, that the same be held in trust for her till she be twenty-one (21) years of age. After she is twenty-one years of age, that she receive all the rents and proceeds of said property, and that when she be thirty (30) years of age, she shall be given a deed to said property, or sooner if deemed advisable by Leffa M. Hayes, and in the event of the death of said Marie Spence, should said event occur before her reaching the age of thirty (30) years, should she have any children, that the rents and proceeds of said property be used for the support and education of said children until the youngest is twenty-one (21) years of age, and then said property be equally divided between said children if any there be. And if the said Marie Spence should not live to be thirty (30) years, and should die without children, then the said Leffa M. Hayes may hold herself or dispose of said property as in her judgment is best, without let or hindrance."

These instruments were construed in the case of *Shive v. Hayes*, 132 Kan. 137, 294 Pac. 935, and it was held they created an express trust relating to land, for the benefit of Marie Spence. The court is satisfied with the decision, and it follows that the other deed and accompanying statement created an express trust for the benefit of Barbara Moore.

Reluctantly yielding to the decision in the Shive case, Leffa M. Hayes now contends the trusts were testamentary in character, that the settlor had power to revoke them, and that he did revoke them by his will. It is sufficient to consider the instruments in the Shive case.

Reading the deed and the accompanying statement as one trust instrument, it contained its own reservation and, except for reservation of use and benefit for life, the last vestige of interest passed from the grantors without control over future devolution and without possibility of reverter. The trustee immediately took full legal title. The beneficiary took an interest, not to arise on death of the

settlor, but a present vested interest to come into enjoyment on death of the settlor. Under certain conditions, none of which were dependent on the subsequent act or will of the settlor, the interest progressively enlarged until at the age of thirty it became a full beneficial interest. In case of the beneficiary's death, grants over were made over which the settlor had no control.

When the conveyances became effective by recording, all interest of the settlor in the land and all power over the land passed from him, except his life interest, whether he lived one day or ten years. Reservation of the life interest did not make the trust testamentary or prevent immediate vesting of the remainder. (Restatement, Trusts, § 64, comment *a* to subsection 1. See, also, § 63 and comments.) The remainder did pass precisely as if no trust had been interposed and the beneficiary were to come into full possession and enjoyment on death of the grantor. The beneficiary was a girl and a minor, and the trustee was to hold title and manage until the notions of the settlor regarding ability of the beneficiary to do for herself were fulfilled; but the beneficiary's interest was vested in her by the conveyance, enjoyment being only postponed. (See *Nolan v. Otney,* 75 Kan. 311, 89 Pac. 690, and *Miles v. Miles,* 78 Kan. 382, 96 Pac. 481.)

When a voluntary trust has been created without express reservation of power to revoke, it cannot be revoked. (*Diller v. Kilgore,* 135 Kan. 200, 205, 9 P. 2d 643.) It is of no consequence that the settlor may subsequently change his mind, or that the situation or circumstances of the trustee or of the beneficiaries may change.

The judgment of the district court is affirmed.

HUTCHISON, J., not sitting.