733 P.2d 11

George **MACARON**, Plaintiff-Appellee,

v.

**ASSOCIATES CAPITAL SERVICES CORPORATION, et al., (International State Bank), Defendant-Appellant.**

No. 8348.

Court of Appeals of New Mexico.

Jan. 8, 1987.

Robert S. Skinner, Raton, for plaintiff-appellee.

Pamela A. Dugger, Kastler Law Offices, Ltd., Raton, for defendant-appellant.

**OPINION**

GARCIA, Judge.

Defendant International State Bank (Bank) appeals the trial court's order quieting title to real estate in plaintiff. The sole issue on appeal is whether notice by publication, in compliance with NMSA 1978, Section 7-38-67 (Repl.1986), provides a mortgagee of real property with constitutionally adequate notice of a proceeding to sell the mortgaged property for nonpayment of taxes. We hold that it does not and reverse the court's order and remand. (Although the tax sale occurred in 1983, we

cite to the 1986 Replacement because the relevant provisions are identical in all material respects to the provisions in the 1982 Replacement Pamphlet.)

## FACTS

The facts giving rise to this appeal are not in dispute. Defendant Roman Construction Company (Roman) was the owner in fee of real property located in Colfax County. In June and August of 1979, Roman executed promissory notes in favor of the Bank for a total of $162,000. These notes were secured by a mortgage and the mortgage was duly recorded in the office of the Colfax County Clerk on September 19, 1979. The identity of the Bank and its address were readily ascertainable from the publicly recorded mortgage.

As of January, 1979, prior to the execution of the notes and mortgage, the taxes on the property mortgaged to the Bank were delinquent. Roman failed to pay property taxes on the mortgaged property through 1983. On July 19, 1983, the State of New Mexico sold the property for the 1979 delinquent taxes pursuant to NMSA 1978, Section 7–38–61 (Repl.Pamp.1986). Roman was served by certified mail with notice of the impending tax sale. NMSA 1978, § 7–38–66 (Repl.Pamp.1986). Notice of the tax sale was also accomplished by publication in accordance with Section 7–38–67(B). No effort was undertaken by the state to discover the identity of, or serve notice in person or by mail on, the mortgagee or any other party who might have an interest in the property.

Plaintiff purchased the property at the tax sale for $3,800 and the state issued a tax sale deed to him. *See* NMSA 1978, § 7–38–70(A) (Repl.Pamp.1986). Plaintiff subsequently filed a suit to quiet title in the property. The Bank contested plaintiff's claim and raised the failure to provide actual notice of the impending tax sale as a defense. The trial court quieted title in plaintiff and the Bank appeals. Aside from the Bank, none of the other parties with an interest in the property appeared below to contest the quiet title action nor are they parties to this appeal.

## DISCUSSION

■ Shortly before the tax sale was conducted by the state, the United States Supreme Court decided *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). In *Mennonite*, the Supreme Court invalidated an Indiana tax sale because the Indiana Tax Code did not provide that the holder of a recorded mortgage, whose identity and address were reasonably ascertainable, be given actual notice of an impending tax sale. The Court first noted that the mortgagee has a legally protected property interest in the mortgaged property under Indiana law. Hence, the mortgagee is entitled to " 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' "; *Id.* (*quoting Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)). The Court held that "[w]hen the mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee's last known available address, or by personal service." *Id.* 462 U.S. at 798, 103 S.Ct. at 2711.

This case is controlled by the holding in *Mennonite*. The trial court sought to distinguish this case from *Mennonite* by finding that because the tax lien on the property had arisen before the note and mortgage had been executed, the Bank should have been on notice that the property was subject to sale for nonpayment of taxes. The trial court, accordingly, held that the Bank had all the notice to which it was entitled under the due process guarantee. We cannot agree with the trial court since, according to *Mennonite*, "a mortgagee's knowledge of delinquency in the payment of taxes is not equivalent to notice that a tax sale is pending." *Id.* at 800, 103 S.Ct. at 2712.

A mortgagee in New Mexico also possesses a substantial property interest. A mortgagee acquires a lien on the owner's property which may be conveyed together

with the mortgagor's personal obligation to repay the debts secured by the mortgage. *See* NMSA 1978, §§ 39–5–1 to –23; NMSA 1978, § 48–7–7. *See also Slemmons v. Massie*, 102 N.M. 33, 690 P.2d 1027 (1984). The mortgagee's security interest generally has priority over subsequent claims or liens attaching to the property. *See Chessport Millworks, Inc. v. Solie*, 86 N.M. 265, 522 P.2d 812 (Ct.App.1974) (landlord's lien given priority on basis of "first in time, first in right" doctrine.) "The tax sale immediately and drastically diminishes the value of this security interest by granting the tax-sale purchaser a lien with priority over that of all other creditors." *Mennonite*, 462 U.S. 798, 103 S.Ct. at 2711; *see* § 7–38–70(B). In this case, the Bank's interest in the property was extinguished on the date of the tax sale because it arose subsequent to the tax lien. *See* § 7–38–70(B). Consequently, the Bank possessed a constitutionally-protected interest in the mortgaged property and was entitled to notice reasonably calculated to apprise it of the impending tax sale. *Mennonite; Mullane.*

■ We next consider whether the New Mexico Tax Code sale provisions provide constitutionally adequate notice. *See Mennonite.* The New Mexico notice provisions are similar to Indiana's provisions. The Supreme Court found Indiana's provisions to be constitutionally inadequate. *Compare* §§ 7–38–66 and –67 *with* Ind.Code Ann. §§ 6–1.1–24–3 and –4 (Burns 1984). In New Mexico, real property having delinquent taxes for more than three years may be sold at public auction. § 7–38–67(A). Prior to the sale, the Property Tax Division must publish notice in a newspaper of general circulation of an impending sale for at least three weeks immediately preceding the tax sale. § 7–38–67(B). The legal owner of the property is entitled to notice by certified mail to his last known address. § 7–38–66(A). There is no provision in New Mexico for notice by mail or personal service to mortgagees of property that is to be sold for nonpayment of taxes.

"Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable." *Mennonite* at 800, 103 S.Ct. at 2712 (emphasis in original). The Supreme Court rejected the argument that actual notice to the mortgagor was sufficient to apprise the mortgagee that his property interest was in danger of being destroyed by a tax sale. *Id.* at 799, 103 S.Ct. at 2711. It was unlikely that a mortgagor who had not taken steps to preserve his own property would take steps to preserve the interests of a mortgagee. *See* Note, *Mennonite Board of Missions v. Adams: 11 Years After Fuentes v. Shevin, the Supreme Court Has Found That Creditors Also Have Notice Rights*, 37 Ark.L.Rev. 971 (1984).

The *Mennonite* Court did not impose any extraordinary obligation on the state to discover the identity of the mortgagee. *Id.* at 798–99 n. 4, 103 S.Ct. at 2711 n. 4. Rather, the court required "reasonably diligent efforts" to discover names and addresses of those whose interest could be ascertained. *Id.* Here, extraordinary efforts were not necessary; the Bank had recorded the mortgage in the county clerk's office so that the identity and address of the Bank were readily ascertainable.

The fact that the tax lien had arisen before the mortgage was executed and recorded does not mandate a different result. *See Mennonite* at 800, 103 S.Ct. at 2712; *cf. First Pennsylvania Bank N.A. v. Lancaster County Tax Claim Bureau*, 504 Pa. 179, 470 A.2d 938 (1983). Although the trial court noted the sophistication of the Bank, "a party's ability to take steps to safeguard its interests does not relieve the State of its constitutional obligation." *Mennonite*, 462 U.S. at 799, 103 S.Ct. at 2712.

In conclusion, we hold that the manner of notice provided to the Bank did not meet

the requirements of the due process clause of the fourteenth amendment of the United States Constitution. *Mennonite.* We reverse the trial court's order quieting title to the property in plaintiff and remand with instructions to void the tax sale.

Oral argument is not necessary. *Cf. Garcia v. Genuine Parts Co.,* 90 N.M. 124, 560 P.2d 545 (Ct.App.), *cert. denied,* 90 N.M. 254, 561 P.2d 1347 (1977).

IT IS SO ORDERED.

DONNELLY, C.J., and BIVINS, J., concur.