This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**VANDERBILT MORTGAGE
AND FINANCE, INC.,**

> Plaintiff-Appellee,

v.                                                                         **NO. 31,424**

**LUCY ABERCROMBIE
AND PAUL ABERCROMBIE,**

> Defendants-Appellants,

v.

**PAULA VALDEZ AND ALL
OCCUPANTS OF THE 1997
FLEETWOOD MANUFACTURED HOME,**

> Defendants.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Sheri A. Raphaelson , District Judge**

Craddock Davis & Krause LLP
Michael J. Craddock
Dallas, TX

Craddock Davis & Krause LLP
Susan P. Crawford
Santa Fe, NM

for Appellee

Paul Abercrombie
Lucy Abercrombie
Velarde, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Pro se Appellants Lucy and Paul Abercrombie (Defendants) appeal from proceedings in D-0117-CV-200900594 (Case #1) and D-0117-CV-201100020 (Case #2). [Case #1 RP 70; Case #2 RP 139] Our notice proposed to dismiss in part for lack of a final order (with regard to the outstanding cross-claim by Defendants against co-defendant Paula Valdez in Case #1) and to affirm in part (with regard to all proceedings between Defendants and Appellee Plaintiff Vanderbilt Mortgage in Case #1 and Case #2). Vanderbilt Mortgage filed a response indicating that it concurs with the notice's proposed disposition. Defendants filed a memorandum in opposition, wherein they (1) agree that there is a lack of a final order with regard to their outstanding cross-claim against co-defendant Paula Valdez in Case #1 [MIO 2] but (2) disagree with the proposed affirmance on the merits for the district court's refusal to set aside the default judgment in Case #2 and for its dismissal of Defendants'

2

counterclaim against Vanderbilt Mortgage in Case #1. [MIO 2-6] Having considered the parties' respective positions, we dismiss in part for lack of a final order for Defendants' cross-claim against Paula Valdez in Case #1. We affirm in part for all proceedings in Case #2, as well as those in Case #1 that relate to the dismissal of Defendants' counterclaim against Vanderbilt Mortgage, as it is effectively moot given the Case #2 proceedings.

We address first Defendants' cross-claim against co-defendant Valdez in Case #1. [Case #1 RP 29] As addressed in our notice, Defendants' notice of appeal [Case #1 RP 70] was prematurely filed before the district court ruled on their motion to reconsider the dismissal of the cross-claim. [Case #1 RP 29, 49, 51, 58, 60, 66] *See Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865 (explaining that, if a party makes a post-judgment motion directed at the final judgment pursuant to Section 39-1-1 the time for filing an appeal does not begin to run until the district court enters an express disposition on that motion). We accordingly dismiss for lack of a final order with regard to Defendants' cross-claim against co-defendant Paula Valdez in Case #1.

We next address the remaining proceedings between Defendants and Plaintiff, in both Case #1 and Case #2. As fully explained in our notice, the post-judgment writ of possession entered in Case #2 [Case #2 RP 112, 126] is a final judgment that

3

resolves the dispute between Defendants and Vanderbilt Mortgage regarding the ownership of the disputed property in both Case #1 and Case #2. The post-judgment writ of possession is the consequence of the default judgment against Defendants. [Case #2 RP 68, 126] Defendants continue to argue that the district court erred in denying their motion to set aside the default judgment. [Case #2 RP 70] We review the district court's denial of Defendant's motion to set aside the default judgment for abuse of discretion. *See Ortiz v. Shaw*, 2008-NMCA-136, ¶ 12, 145 N.M. 58, 193 P.3d 605.

Defendants continue to argue that the default judgment against them should be set aside based on Vanderbilt Mortgage's alleged failure to properly serve the summons and complaint. [MIO 4-5] *See generally Ortiz*, 2008-NMCA-136, ¶ 17 (holding that a default judgment entered in the absence of proper service or waiver of service is invalid and should be set aside). We recognize that the pleadings below reflect discrepancies in Defendants' listed address. [Case #2 RP 23, 27, 70; MIO 4] Despite these apparent typographical errors, however, our review provides that Defendants were in fact properly served with a copy of the summons and complaint at their correct address. To this end, Vanderbilt Mortgage's motion for alternate service [Case #2 RP 35] provides that the process server made three attempts of personal service of the complaint at Defendants' last known residential address, as

provided in the process server's attached affidavit of attempted service. [Case #2 RP 35, 38] Such affidavit of attempted service specifically recites that the service attempts were made at the correct address as recognized by Defendants. [Case #2 RP 38, 70] Moreover, the district court granted Vanderbilt Mortgage's motion for alternate service [Case #2 RP 42], and the record provides that the alternate service was made, by posting the summons and complaint on Defendants' front door [Case #2 RP 58] at the correct address as recognized by Defendants. [Case #2 RP 70] Given that the process server's affidavits provide that service of process was made at Defendant's correct address [Case #2 RP 38, 58, 70], and for reasons extensively detailed in the notice, we conclude that Defendants were afforded proper service of process.

Despite the foregoing, we recognize Defendants' assertion that there are discrepancies as to the person who signed the affidavits as the process server [MIO 5], as support for their view that the process server's statements were forged or fraudulent. [Case #2 RP 117; DS 3-4; MIO 5] However, it was within the district court's prerogative to consider the sworn statement of the process server as set forth in her affidavit of attempted service [Case #2 RP 38], as well as the process server's affidavit for alternate service [Case #2 RP 65-66, 104], and conclude otherwise. *See Tanuz v. Carlberg,* 1996-NMCA-076, ¶ 7, 122 N.M. 113, 921 P.2d 309 (recognizing

that the reviewing court neither weighs conflicts in evidence nor determines credibility of witnesses).  We further disagree with Defendants' assertion that  Vanderbilt Mortgage, in addition to personal service, was required to serve Defendants by mail. [MIO 5]  Rule 1-004(E)(1) NMRA provides  "Process shall be served in a manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend."  While service by mail is an option, *see* Rule 1-004(E)(3), it is not required.

Moreover, apart from Defendants' failure to show adequate grounds for vacating the default judgment, Defendants also failed to provide a meritorious defense to the default judgment.  *See Rodriguez v. Conant*, 105 N.M. 746, 749, 737 P.2d 527, 530 (1987) ("A party seeking relief from a default judgment must show the existence of grounds for opening or vacating the judgment and a meritorious defense or cause of action.").  We recognize Defendants' analogy to an artisan's and  mechanic's lien, and their view that Vanderbilt Mortgage must pay them for the amount of their lien. [MIO 3]  However, given that Vanderbilt Mortgage's finance agreement with Paula Valdez was initiated in 2000 [Case #2 RP 2] and that Defendants' alleged interest in the property arose thereafter [DS 5; Case #2 RP 73], Vanderbilt Mortgage had a priority lien on the property. *See generally Macaron v. Assocs. Capital Servs. Corp.*,

105 N.M. 380, 381-82, 733 P.2d 11, 12-13 (Ct. App. 1987) (recognizing that the mortgagee's security interest generally has priority over subsequent claims or liens attaching to the property). Defendants therefore failed to provide a meritorious defense to the default judgment in favor of Vanderbilt Mortgage. *Cf. Rodriguez*, 105 N.M. at 749, 737 P.2d at 530 (providing that, to set aside a default judgment, the movant must demonstrate grounds for opening or vacating the judgment and a meritorious defense).

**Conclusion**

Based on the foregoing discussion and for the reasons set forth in our notice, we dismiss for lack of a final order in Case #1 relating to Defendants' cross-claim against co-defendant Paula Valdez. We affirm the district court's denial of Defendants' motion to reconsider the order denying Defendants' motion to set aside the default judgment in Case #2. And, given the default judgment and resultant post-judgment writ of possession, we similarly affirm the district court's denial of Defendants' motion to reconsider the denial of their motion to proceed with their counterclaim against Vanderbilt Mortgage in Case #1. In light of the default judgment against Defendants and their lack of a meritorious defense in Case #2, their counterclaim against Vanderbilt Mortgage in Case #1 is effectively moot.

**IT IS SO ORDERED.**

_____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Judge**

_____

**J. MILES HANISEE, Judge**