This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**SOUTHWEST LENDING LLC,**
**a New Mexico limited liability company,**

Plaintiff,

**v.**                                          **A-1-CA-34636**

**RECORP NEW MEXICO ASSOCIATES I**
**LIMITED PARTNERSHIP, a New Mexico**
**limited partnership; RECORP NEW MEXICO**
**ASSOCIATES II LIMITED PARTNERSHIP,**
**a New Mexico limited partnership; RECORP**
**NEW MEXICO ASSOCIATES III LIMITED**
**PARTNERSHIP, a New Mexico limited liability**
**partnership; TESORO PROPERTIES LLC,**
 **a New Mexico limited liability company;**
**BUTERA PROPERTIES LLC, a New Mexico**
**limited liability company; RECORP**
**INVESTMENTS, INC., an Arizona corporation;**
**and RECORP PARTNERS, INC.,** a Delaware
corporation,

Defendants-Appellants,

and

**JOHNSON BANK, a Wisconsin**
**banking corporation,**

Defendant-Appellee.

1

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**George P. Eichwald, District Judge**

Spann Hollowwa & Artley
J. Kerwin Hollowwa
Albuquerque, NM


Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Douglas R. Vadnais
Sarah M. Stevenson
Albuquerque, NM

for Appellants

Stelzner, Winter, Warburton,
Flores, Sanchez & Dawes, P.A.
Juan L. Flores
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**VARGAS, Judge.**

{1}     Appellant appeals the district court's decision granting summary judgment to Johnson Bank, in which it determined that Johnson Bank is a successor in interest to Butera Properties, LLC's (Butera) water rights and easements. While the district court properly entered summary judgment in Johnson Bank's favor on the water rights disclaimed by Southwest Lending, the district court erred in entering summary judgment on Johnson Bank's claims to the Butera easements and rights-of-way, and in making findings N(iv)-(viii) of its final judgment, as Johnson Bank failed to make a prima facie showing that it was entitled to summary judgment and,

in addition, could not properly raise new claims in its summary judgment motion. We therefore affirm the district court's entry of summary judgment in favor of Johnson Bank and against Southwest Lending on Southwest Lending's declaratory judgment claim related to the water rights it disclaimed. We reverse the district court's grant of summary judgment to Johnson Bank as it relates to the Butera easements and rights-of-way, as well as its determinations as to the water rights and easements as reflected in findings N(iv)-(viii) of its final judgment.

**BACKGROUND**

{2}     Because this is a memorandum opinion and the parties are familiar with the facts of the case, we limit our recitation of the facts to those needed for clarity and to adequately address the issues on appeal. Butera, Recorp-New Mexico I LP, Recorp-New Mexico II LP, Recorp-New Mexico III LP, Tesoro Properties, LLC, Recorp Investments, Inc., and Recorp Partners, Inc. (collectively, Recorp Entities) executed promissory notes and mortgages in favor of Southwest Lending on undeveloped real property in Sandoval County to finance the development of a master-planned community. As part of the development plan, the Recorp Entities filed Notices of Intent to Appropriate Water (NOIAs) in accordance with New Mexico law. Butera subsequently used its undivided interest in groundwater under the NOIAs as security for a loan from Johnson Bank. Butera granted Johnson Bank a mortgage in its water rights and "[a]ny interest [Butera] may have in all easements and rights[-]of[-]way used now or at any future time in connection with

any wells utilized or proposed to be utilized to access the [Butera] [w]ater [r]ights or as a means of ingress to or egress from such property or for providing utilities to such property[.]" (the mortgage security) Butera also executed a security agreement in favor of Johnson Bank, granting Johnson Bank a security interest in, among other things:

> the Butera [w]ater [r]ights [as described in the mortgage], and any permits, well sites or well site properties related to the Butera [w]ater [r]ights, including, without limitation, all instruments, documents, any other contract rights or rights to the payment of money related to the Butera [w]ater [r]ights together with any and all (i) pumps, casing, tubing, pipes, pipelines, tanks, improvements, fixtures, equipment, facilities, easements, rights-of-way and other real and personal property now or hereafter associated, used or useful in connection with or related to the Butera [w]ater [r]ights and/or the [w]ells[.] (the collateral)

Johnson Bank contends that Butera then defaulted on its obligations, and Johnson Bank conducted a public sale of the collateral in accordance with the terms of the security agreement, which provided that the security agreement is governed by the laws of Arizona and that in the event of a default, Johnson Bank "shall have all the rights of a secured party under the Arizona Uniform Commercial Code." Johnson Bank claims that, through the public sale (2012 public UCC sale), it acquired in pertinent part:

> [a]ll of the right, title and interest of Butera[,] . . . whether now existing or hereafter arising, in and to the Butera [w]ater [r]ights. . . . pursuant to or resulting from the Notice[s] of Intention to Appropriate . . . and associated well(s) . . .[,]
>
> . . . .

any and all . . . contract rights or rights to the payment of money related to the Butera [w]ater [r]ights, together with any and all . . . easements, rights-of-way, and other real and personal property now or hereafter associated, used or useful in connection with or related to the Butera [w]ater [r]ights and/or the [w]ells (collectively, sale property).

{3} Based on alleged defaults by the Recorp Entities on their loans from Southwest Lending, Southwest Lending filed a foreclosure suit against the Recorp Entities, naming Johnson Bank as an additional defendant for purposes of foreclosing its mortgage on the property. Southwest Lending alleged that "Johnson Bank may claim an interest in the Butera property" and requested a declaratory judgment that Johnson Bank's interest in Butera's property is "inferior and subordinate" to Southwest Lending's lien on Butera's property. Johnson Bank admitted that it claimed an interest in Butera's property, denied that its interest was inferior to Southwest Lending's lien, and asserted no other defenses.

{4} The Recorp Entities entered into a settlement agreement with Southwest Lending, in which the parties agreed that a judgment of foreclosure would be entered in favor of Southwest Lending. In the settlement agreement, Southwest Lending disclaimed "any right to wells, water rights, rights to water, well equipment and infrastructure and declarations on file" with the State Engineer (collectively, disclaimed collateral), agreed that the Recorp Entities would maintain existing easement rights to the mortgaged property, and agreed to grant additional easements to the Recorp Entities. The district court entered a final order of liability and partial judgment on the pleadings in Southwest Lending's favor,

foreclosing on the Recorp Entities' mortgaged property subject to the terms of the settlement agreement.

{5}     Following entry of judgment pursuant to the settlement agreement, the only remaining issue in the case was Southwest Lending's declaratory judgment claim against Johnson Bank. Johnson Bank filed a motion for summary judgment on Southwest Lending's declaratory judgment claim. Johnson Bank argued that the district court should rule "as a matter of law that Johnson Bank has Butera's easements under the Settlement Agreement" between Southwest Lending and the Recorp entities and claimed there was "no dispute that Johnson Bank acquired all of Butera's rights in the water rights at issue, including existing and future easements." In support of its motion, Johnson Bank set out a series of undisputed facts, including that Johnson Bank had purchased the sale property, including Butera's current and future easements, at the 2012 UCC public sale following Butera's default on its obligation to Johnson Bank. Johnson Bank also claimed that the settlement agreement between Southwest Lending and the Recorp Entities recognized certain easements in favor of the Recorp Entities, and under the terms of the settlement agreement, the Recorp Entities, including Butera, have easements for future well sites, access to well sites, and water distribution lines. Finally, in support of its motion seeking summary judgment on Southwest Lending's claim that Johnson Bank's interest in the property is "inferior and subordinate" to Southwest Lending's lien, Johnson Bank argued that because it holds all of

Butera's rights under the settlement agreement by virtue of its purchase of present and future easements at the 2012 public UCC sale, Southwest Lending is not entitled to a declaration that "Johnson Bank lacks easements allowing development and use of the deep-well water rights at issue."

{6}     Initially, we note that Johnson Bank, in its motion for summary judgment, re-framed Southwest Lending's claim for a declaratory judgment that Johnson Bank's interest in Butera's property is "inferior and subordinate" to Southwest Lending's lien on Butera's property, instead contending that Southwest Lending was not entitled to claim Johnson Bank "lack[ed] easements allowing development and use of the deep-well water rights." Nevertheless, in its response, Southwest Lending did not dispute any of the facts set out in Johnson Bank's motion, and instead agreed "that the [c]ourt should declare that Johnson Bank, as the successor in interest to Butera, is a party to the Recorp Settlement Agreement and has the same obligations and rights under the Recorp Settlement Agreement as Butera . . . .[and] is entitled to exercise the easement and access rights stated in . . . the Recorp Settlement Agreement."

{7}     Butera also filed a response to the motion, disputing Johnson Bank's claim that it possessed Butera's rights in the water and easements and arguing that "rights under the NOIA and related easements are real property rights" that could not be sold at a public UCC sale and could instead be sold only at a deed of trust sale or judicial foreclosure sale, which did not take place. Furthermore, Butera argued that

Johnson Bank was not entitled to summary judgment because it did not properly raise any claims against Butera or Butera's water rights or easements in this case, notwithstanding that it now sought a judgment declaring its ownership of Butera's water rights and easements.

{8}     In addition to finding that Southwest Lending disclaimed any interest in the water rights and that Butera had granted a mortgage and a security interest in the water rights in favor of Johnson Bank, the district court found:

> iv.     Johnson Bank exercised its security interest in the water rights by means of a public sale conducted on August 30, 2012, at which time Johnson Bank placed a bid on and acquired the water rights and associated interests;
>
> v.     Butera has not taken any action in this proceeding to set aside Johnson Bank's acquisition of the water rights;
>
> vi.     Butera has not brought to the Court's attention any final order or judgment from another court of competent jurisdiction setting aside Johnson Bank's acquisition of the water rights;
>
> vii.     On the undisputed facts of record before the Court, Johnson Bank holds all right, title and interest to Butera's water rights.
>
> viii.     Johnson Bank is recognized as the successor in interest to Butera with respect to the obligations and rights set forth in the Recorp Settlement Agreement except for the statutory right of redemption as to the land mortgaged to [Southwest Lending] by Butera, which right of redemption is exclusively reserved to Butera.

The district court, however, did not address Butera's contentions that Johnson Bank's claims were improperly raised and that water rights and easements could

not be sold at the 2012 public UCC sale. Butera appeals the district court's judgment granting Johnson Bank's summary judgment motion.

**DISCUSSION**

{9}     We review the grant or denial of a motion for summary judgment de novo. *Romero v. Philip Morris Inc.¸* 2010-NMSC-035, ¶ 7, 148 N.M. 713, 242 P.3d 280. Summary judgment may be proper where the moving party meets its initial burden of establishing a prima facie case that "there is no genuine issue as to any material fact" and that it is entitled to "a judgment as a matter of law." Rule 1-056(C) NMRA; *Romero*, 2010-NMSC-035, ¶ 10. A prima facie showing is defined as "such evidence as is sufficient in law to raise a presumption of fact or establish the fact in question unless rebutted." *Romero*, 2010-NMSC-035, ¶ 10 (internal quotation marks and citation omitted). Once a prima facie showing is made, "the burden shifts to the non-movant to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Id.* ¶ 10 (internal quotation marks and citation omitted). "If the facts are not in dispute, and only the legal significance of the facts is at issue, summary judgment is appropriate." *Edwin Smith, L.L.C. v. Synergy Operating, L.L.C.*, 2012-NMSC-034, ¶ 12, 285 P.3d 656 (internal quotation marks and citation omitted).

{10}     As to the district court's grant of Johnson Bank's motion for summary judgment on Southwest Lending's declaratory judgment claim, the district court's decision was proper to the extent that it dismissed Southwest Lending's claims that

it was entitled to a declaration that Johnson Bank's interest is inferior and subordinate to Southwest Lending's lien on the disclaimed collateral. Because Southwest Lending conceded in its response to Johnson Bank's motion for summary judgment that it had disclaimed any interest in the disclaimed collateral when it signed the Settlement Agreement with the Recorp entities, the district court was correct in concluding that there was no genuine issue of material fact that Southwest Lending's interest in the disclaimed collateral was not superior to the interest of Johnson Bank. *See Sanchez v. Pub. Serv. Co.*, 1971-NMSC-105, ¶ 2, 83 N.M. 245, 490 P.2d 962 ("Summary judgment may properly be granted only if the moving party is entitled to it as a matter of law upon clear and undisputed facts."); *Macaron v. Assocs. Capital Servs. Corp.*, 1987-NMCA-005, ¶ 7, 105 N.M. 380, 733 P.2d 11 (stating a "mortgagee's security interest generally has priority over subsequent claims or liens attaching to the property").

{11} We note that Southwest Lending did not disclaim its interest in the easements and rights-of-way that were the subject of the mortgage and security interest Butera gave to Johnson Bank. Johnson Bank nonetheless sought summary judgment against Southwest Lending related to those easements and rights-of-way interests as well. In support of its motion for summary judgment related to the Butera easements and rights-of-way, Johnson Bank relies entirely on its purchase of the sale property at the 2012 public UCC sale, which purported to include the purchase of "easements, rights-of-way, and other real and personal property now or

hereafter associated, used or useful in connection with or related to the Butera [w]ater [r]ights and/or the [w]ells." Easements, however, are interests in real property. *Cox v. Hanlen*, 1998-NMCA-015, ¶ 26, 124 N.M. 529, 953 P.2d 294. Article 9 of the UCC, which governs Johnson Bank's security agreement, does not apply to the "transfer of an interest in or lien on real property[.]" Ariz. Rev. Stat. Ann. § 47-9109(D)(11) (2001). Furthermore, a security agreement that includes both personal and real property must be sold "in accordance with the rights with respect to the real property[,]" and the "provisions of [Article 9 of the UCC] do not apply." Ariz. Rev. Stat. Ann. § 47-9604(A)(2). Because Johnson Bank relies entirely on its purchase of Butera's easement rights at the 2012 public UCC sale to establish its right to the easements and rights-of-way and the law is clear that Article 9 of the UCC does not apply to the transfer of an interest in real property, Johnson Bank has failed to make a prima facie showing that it is entitled to a judgment as a matter of law regarding its ownership of Butera's easement rights. *See Romero*, 2010-NMSC-035, ¶ 10; *see also* Rule 1-056(C) (stating that judgment shall be rendered only upon a showing that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law). The district court therefore erred when it granted summary judgment to Johnson Bank on Southwest Lending's declaratory judgment claim as it relates to Butera's easements.

{12}    In addition to ruling on Johnson Bank's entitlement to summary judgment on Southwest Lending's claim, as noted, the district court issued a series of findings and conclusions that were not part of the claims or defenses raised by the pleadings and were unnecessary to resolve Southwest Lending's declaratory judgment claim against Johnson Bank. Our Supreme Court addressed the propriety of asserting new claims during summary judgment proceedings in *Phoenix Funding, LLC v. Aurora Loan Services, LLC*, 2017-NMSC-010, ¶ 41, 390 P.3d 174. In *Phoenix Funding, LLC*, 2017-NMSC-010, ¶¶ 9-10, the plaintiff filed a complaint asserting claims for declaratory judgment and quiet title, but during summary judgment, presented the trial court with a fraud claim not previously asserted in its complaint. *See id.* ¶ 13 ("[The plaintiff] first raised its fraud theory in its motion for summary judgment.").The *Phoenix Funding* court concluded that the plaintiff's claims were procedurally barred, *id.* ¶¶ 40-42, applying a "well-settled" principle of federal law prohibiting such actions:

> A litigant may not assert a new claim, long after discovery has commenced, through argument in a brief supporting or opposing summary judgment or in a cross motion for summary judgment. Once a case has arrived at the summary judgment posture, the proper procedure for a plaintiff to assert a new claim is to amend his or her complaint.

*Id.* ¶ 41; *see Albuquerque Redi-Mix, Inc. v. Scottsdale Ins. Co.*, 2007-NMSC-051, ¶ 9, 142 N.M. 527, 168 P.3d 99 ("When our state court rules closely track the language of their federal counterparts, we have determined that federal

construction of the federal rules is persuasive authority for the construction of New Mexico rules."); *compare* Rule 1-056(C) NMRA *with* Fed. R. Civ. P. 56(a).

{13} Johnson Bank did not claim that it owned the water rights and easements in its answer to Southwest Lending's first amended complaint, either as a cross-claim or as a defense. Instead, it merely denied Southwest Lending's claim that Johnson Bank's interest in the real property was inferior to Southwest Lending's. Indeed, Johnson Bank does not direct us to any place in the record where it raised claims related to its ownership of the water rights or easements prior to filing its motion for summary judgment, which we note was not filed until all other claims in the litigation were resolved. Pursuant to *Phoenix Funding, LLC*, Johnson Bank's request that the district court "decide as a matter of law that Johnson Bank has Butera's easements under the [s]ettlement [a]greement" and "holds all right, title and interest to Butera's water rights" was improper and unnecessary to decide Southwest Lending's declaratory judgment claim that its lien had priority over any interest, whether an ownership interest or a lien interest, claimed by Johnson Bank. While the summary judgment entered in favor of Johnson Bank and against Southwest Lending resolves Southwest Lending's claims that Johnson Bank's interest in the property is inferior to Southwest Lending's interest, it does not affect Butera's rights in and to that property as between Johnson Bank and Butera, as Johnson Bank did not bring a claim against Butera.

**CONCLUSION**

{14}    We affirm the district court's entry of summary judgment in favor of Johnson Bank on Southwest Lending's declaratory judgment claim to the water rights Southwest Lending disclaimed in the settlement agreement. We reverse the district court's grant of summary judgment to Johnson Bank on Southwest Lending's declaratory judgment claim as it relates to the easements and rights-of-way and its findings regarding the acquisition, sale, and ownership of the Butera water rights set out in subparagraphs N(iv)-(viii) of its final judgment and remand for further proceedings consistent with this opinion.

{15}    **IT IS SO ORDERED.**


_____

**JULIE J. VARGAS, Judge**

**WE CONCUR:**


_____

**MICHAEL E. VIGIL, Judge**


_____

**HENRY M. BOHNHOFF, Judge**